

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-16-2005

# Rodriguez-Munoz v. Atty Gen USA

Precedential or Non-Precedential: Precedential

Docket No. 05-1732

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Rodriguez-Munoz v. Atty Gen USA" (2005). *2005 Decisions.* Paper 599.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/599

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-1732
_____

RICHARD JOSE RODRIGUEZ-MUNOZ,

Appellant,

v.

*ALBERTO GONZALES, U.S. ATTORNEY GENERAL;
U.S. DEPARTMENT OF HOMELAND SECURITY;
EDMOND C. CICCHI, Warden of Middlesex County
Correctional Center

(*Pursuant to F.R.A.P. 43(c))
_____

On Petition for Review from the United States
Department of Justice Board of Immigration Appeals
(BIA No. A34 204 757)

Initially filed as a Notice of Appeal
from D NJ 04-cv-04846
Prior to the Enactment of the Real ID Act of 2005

_____

Submitted Under Third Circuit LAR 34.1(a)
August 5, 2005

Before: VAN ANTWERPEN, GREENBERG AND
NYGAARD, Circuit Judges

(Filed: August 16, 2005  )

Richard Jose Rodriguez-Munoz
1196 Eastern Parkway
Apartment A10
Brooklyn, NY 11213

*Appellant, Pro Se*

Pamela R. Perron, Esq.
Assistant U. S. Attorney
970 Broad Street, Suite 700
Newark, NJ 07102

*Counsel for Appellees*

_____

OPINION

_____

VAN ANTWERPEN, Circuit Judge

 Richard Jose Rodriguez-Munoz petitions for review of
a final order of the Board of Immigration Appeals ("BIA").

For the reasons that follow, we will deny the petition.[1]

Rodriguez-Munoz is a native and citizen of the Dominican Republic. He was admitted to the United States as a lawful permanent resident ("LPR") in 1976. In 1992, he pled guilty to four drug offenses in New York state court, including third degree criminal sale of a controlled substance (crack cocaine), a class B felony. See N.Y. Penal Law § 220.39. In 1994, the Immigration and Naturalization Service ("INS") charged Rodriguez-Munoz with deportability as an alien convicted of an aggravated felony and as being convicted of a violation relating to a controlled substance.[2] See Immigration and Nationality Act ("INA") §§ 241(a)(2)(A)(iii); 241(a)(2)(B)(i) [8 U.S.C. §§

---

[1] This case was originally filed as an appeal of an order of the United States District Court for the District of New Jersey denying Rodriguez-Munoz's petition for a writ of habeas corpus. We recently held, however, that habeas appeals, such as Rodriguez-Munoz's, "that were pending before this Court on the effective date of the Real ID Act of 2005 [Pub. L. 109-13, 119 Stat. 231] are properly converted to petitions for review and retained by this Court." See Bonhometre v. Gonzales, -- F.3d --, 2005 WL 1653641, at *2 (3d Cir. July 15, 2005).

[2] We recognize, of course, that the Department of Homeland Security has taken over the responsibilities of the former INS. See Ambartsoumian v. Ashcroft, 388 F.3d 85, 95 n.6 (3d Cir.2004).

1231(a)(2)(A)(iii); 1231(a)(2)(B)(i)].[3]  While the immigration proceedings were pending, Rodriguez-Munoz pled guilty in New York to two additional offenses: fifth degree criminal possession of marijuana (September 21, 1999) and seventh degree criminal possession of a controlled substance (November 3, 2000).

In October 2003, Rodriguez-Munoz appeared before an Immigration Judge ("IJ") and asked that the government "repaper" the proceedings so that he could simultaneously apply for a waiver of removal (based on the 1992 conviction) under former INA § 212(c) [8 U.S.C. § 1182(c)], and for cancellation of removal (based on the 1999 and 2000 convictions) under INA § 240A [8 U.S.C. § 1229b].[4]  The IJ ordered the deportation proceedings administratively closed to allow Rodriguez-Munoz to be repapered.  The government filed an interlocutory appeal which the BIA sustained, finding that administrative closure is inappropriate where one of the

---

[3] These provisions have been redesignated INA §§ 237(a)(2)(A)(iii) and 237(a)(2)(B)(i) [8 U.S.C. §§ 1227(a)(2)(A)(iii) and 1227(a)(2)(B)(i)], respectively.

[4] Repapering is a process whereby the deportation or exclusion proceedings are administratively closed and the government initiates removal proceedings to allow aliens to apply for cancellation of removal under INA § 240A, a form of relief that was not available when they were charged with deportation or exclusion.  See Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA") § 309(c)(3).

4

parties (in this case, the government) opposes it.

On remand, the IJ denied Rodriguez-Munoz's applications for relief and ordered him deported. The BIA dismissed Rodriguez-Munoz's appeal, concluding that even if he were repapered and eligible for a § 212(c) waiver, he would not be entitled to cancellation of removal because his 1992 conviction for criminal sale of a controlled substance, an aggravated felony, would still exist for purposes of evaluating his eligibility for § 240A relief.

Rodrizuez-Munoz then filed a habeas corpus petition under 28 U.S.C. § 2241, arguing that his constitutional rights were violated by the refusal to repaper him so that he could simultaneously apply for both waiver of removal under § 212(c) and cancellation of removal under § 240A. The District Court denied the petition on the merits and Rodriguez-Munoz filed a notice of appeal, which has been converted to a petition for review. See fn.1, supra. Rodriguez-Munoz was deported on March 23, 2005. See Appellant's Brief, 7 n.8.

Rodriguez-Munoz does not dispute that he is deportable based on his 1992 conviction for criminal sale of a controlled substance. In addition, his 1999 and 2000 convictions render him removable pursuant to INA § 237(a)(2)(B)(i) (alien convicted of a controlled substance offense). He argues, however, that he would be entitled to relief if permitted to simultaneously apply for a waiver of removal under § 212(c) and for cancellation of removal under § 240A. We disagree.

5

When Rodriguez-Munoz was convicted of drug crimes in 1992, § 212(c) allowed a lawful permanent resident with seven years of consecutive residence in the United States to apply for a discretionary waiver of deportation.  See INS v. St. Cyr, 533 U.S. 289, 295 (2001).  The IIRIRA, which became effective in April 1997, repealed § 212(c) and replaced it with § 240A.  Under the current provision, the Attorney General may cancel removal of an alien who has been an LPR for not less than five years, has resided continuously in the United States for seven years after having been admitted, and "has not been convicted of any aggravated felony."  INA § 240A(a); see Ponnapula v. Ashcroft, 373 F.3d 480, 486 (3d Cir. 2004).  In addition, an alien "who has been granted relief under section 212(c)" is ineligible for cancellation of removal.  § 240(c)(6) [8 U.S.C. § 1229b(c)(6)].

The government acknowledges that "[t]here is no question that Rodriguez-Munoz is eligible to apply for a [§212(c)] waiver of deportation concerning" his 1992 conviction.  See Appellee's Brief, 11.  Indeed, under INS v. St. Cyr, 533 U.S. 289 (2001), "§ 212(c) relief remains available for aliens whose convictions were obtained through plea agreements and who, notwithstanding those convictions, would have been eligible for § 212(c) relief at the time of their plea under the law then in effect."  533 U.S. at 326.  According to St. Cyr, "the elimination of any possibility of § 212(c) relief by IIRIRA has an obvious and severe [and impermissible] retroactive effect."  Id. at 325.

Importantly, however, Rodriguez-Munoz would not be

6

eligible for cancellation of removal, which he also needs to prevail. The language of § 240A(a) is clear: The Attorney General may cancel removal only if an LPR "has not been convicted of any aggravated felony." Rodriguez-Munoz apparently did not argue before the BIA that his 1992 conviction is not an aggravated felony, nor does he raise such an argument on appeal. See Miah v. Ashcroft, 346 F.3d 434, 439 n.2 (3d Cir. 2003). Instead, he contends that his 1992 conviction, once waived under § 212(c), could not be considered when evaluating whether he was eligible for cancellation of removal under § 240A.

As the BIA has explained, however, "[t]he grant of a section 212(c) relief merely waives the finding of deportability rather than the basis of the deportability itself. Therefore, the crimes alleged to be grounds for deportability do not disappear from the alien's record for immigration purposes." Matter of Balderas, 20 I. & N. Dec. 389, 391 (BIA 1991); see Molina-Amezcua v. I.N.S., 6 F.3d 646, 647 (9th Cir. 1993) ("A waiver of deportation gives the alien a chance to stay in the United States despite his misdeed, but it does not expunge the conviction."). Thus, even if Rodriguez-Munoz's deportation based on his 1992 conviction were waived under § 212(c), that conviction would nonetheless remain an aggravated felony for purposes of precluding his application for cancellation of removal under § 240A.

Rodriguez-Munoz relies on Matter of Gabryelsky, 20 I. & N. Dec. 750 (BIA 1993), in which the BIA permitted the alien to simultaneously apply for adjustment of status under § 245(a) and for waiver of deportation under § 212(c). See

7

Gabryelsky, 20 I. & N. Dec. at 756.  In that case, however, the BIA based its conclusion on a regulation permitting combined § 245(a) and § 212(c) applications, and on the fact that the granting of each form of relief made the alien statutorily eligible for the other form.  Id. at 754-56.  Here, by contrast, a waiver of deportation under § 212(c) would not make Rodriguez-Munoz eligible for § 240A relief.

For the reasons that we have given, we will deny the petition for review.