

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-23-2005

# Arriola-Arenas v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-4430

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Arriola-Arenas v. Atty Gen USA" (2005). *2005 Decisions.* Paper 664.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/664

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

NO. 04-4430

_____

YURI BADIM ARRIOLA-ARENAS

v.

ATTORNEY GENERAL OF THE UNITED STATES[*]

_____

On Petition for Review of a Decision of the
Board of Immigration Appeals
(Agency No. A36 487 736)

Initially filed as a Notice of Appeal
from Eastern District of PA 04-cv-04399
Prior to the Enactment of the Real ID Act of 2005

_____

Submitted Under Third Circuit L.A.R. 34.1(a)August 5, 2005

BEFORE: VAN ANTWERPEN, GREENBERG AND NYGAARD, CIRCUIT JUDGES

(Filed: August 23, 2005)
_____

OPINION
_____

PER CURIAM

---

[*]    Caption amended pursuant to Rule 43(c), Fed. R. App. P.

Yuri Badim Arriola-Arenas (Arriola) seeks review of a final order of removal issued by the Board of Immigration Appeals (BIA). For the reasons that follow, we will deny the petition.[1]

Arriola is a citizen of Guatemala who entered the United States as a lawful permanent resident (LPR) in 1978. In 1985, at the age of sixteen, Arriola pleaded guilty in New York to possession of stolen property and attempted robbery. The New York court sentenced Arriola to one and one-half to four and one-half years in prison. Arriola completed his term and was released in 1989. In July 2000, the former Immigration and Naturalization Service (INS) took Arriola into custody and charged him with removability based on his 1985 convictions.

In August 2001, while released on bond, Arriola pleaded guilty in Delaware to an offensive touching that occurred during an altercation with his wife. The Delaware court sentenced Arriola to one year probation. Arriola subsequently violated the terms of probation and was sentenced to thirty days in jail. In November 2003, the INS additionally charged Arriola with removability for having been convicted of a crime of domestic violence.

---

[1] Arriola initiated these proceedings by filing a habeas corpus petition in the Eastern District of Pennsylvania under 28 U.S.C. § 2241. Following the District Court's denial of habeas corpus relief, Arriola filed a timely notice of appeal to this Court. While his appeal was pending, the REAL ID Act of 2005 took effect on May 11, 2005. In light of the REAL ID Act, we have determined that such pending appeals are converted to petitions for review under 8 U.S.C. § 1252. See Bonhometre v. Gonzales, 414 F.3d 442, 2005 WL 1653641, *2 (3d Cir. 2005).

An Immigration Judge (IJ) determined that Arriola was removable for having been convicted of an aggravated felony in 1985 and a crime of domestic violence in 2001. Arriola simultaneously applied for a waiver of removal (based on the 1985 conviction) under former § 212(c) of the Immigration and Nationality Act[2] (INA) and for cancellation of removal (based on the 2001 conviction) under § 240A of the INA.[3] The IJ permitted Arriola's simultaneous applications for relief, granted each, and terminated removal proceedings. On appeal, the BIA ruled that Arriola is statutorily ineligible for cancellation of removal under § 240A because he was convicted of an aggravated felony in 1985, vacated the IJ's decision, and ordered him removed to Guatemala.

Arriola then challenged the BIA's order of removal by filing a habeas corpus petition in the District Court under 28 U.S.C. § 2241. In his habeas petition, he asserted that the BIA (1) erred by denying cancellation of removal, and (2) violated his equal protection rights by allowing a similarly situated alien to obtain a waiver of deportation and cancellation of removal on simultaneous applications. The District Court denied Arriola's habeas petition without conducting a hearing. Arriola filed a timely appeal, which has been converted into a petition for review, as described previously.

We address first Arriola's contention that the BIA erred by ruling that he was ineligible for cancellation of removal because he was convicted of an aggravated felony

---

[2] Section 212(c), formerly codified at 8 U.S.C. § 1182(c), was repealed by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA).

[3] Section 240A, which replaced former § 212(c), is codified at 8 U.S.C. § 1229b.

3

in 1985. At the time he pleaded guilty and was convicted, Arriola was eligible to apply for a discretionary waiver of deportation under former § 212(c). See Ponnapula v. Ashcroft, 373 F.3d 480, 486 (3d Cir. 2004). In 1996, Congress enacted IIRIRA, which repealed § 212(c) and replaced it with § 240A. Under the current provision, the Attorney General may cancel removal of an alien who has been an LPR for not less than five years, has resided continuously in the United States for seven years after having been admitted, and "has not been convicted of any aggravated felony." 8 U.S.C. § 1229b(a); see Ponnapula, 373 F.3d at 486. In addition, an alien "who has been granted relief under section 212(c)" is ineligible for cancellation of removal. 8 U.S.C. § 1229b(c)(6).

The question presented by Arriola's appeal is whether his 1985 conviction for an aggravated felony renders him ineligible for cancellation of removal under § 240A.[4] According to the IJ, Arriola was eligible for cancellation of removal (based on the 2001 conviction) because that conviction did not constitute an aggravated felony. The IJ essentially assessed Arriola's application for cancellation of removal separately from his

---

[4] The IJ determined that Arriola's 1985 conviction is an aggravated felony. In his reply brief, Arriola "objects that his 1985 robbery conviction is an aggravated felony," but fails to offer any argument in support of his objection. (Appellant's Reply Br. at 2 ¶ 7.) Arriola did not present such an objection in his habeas corpus petition or in his opening brief on appeal. Generally, we do not consider issues raised for the first time in a reply brief. See Republic of Philippines v. Westinghouse Elec. Corp., 43 F.3d 65, 71 n.5 (3d Cir. 1994). Even if we were to consider the issue, Arriola has provided no argument supporting the notion that his conviction for attempted robbery is not an aggravated felony. See 8 U.S.C. § 1101(a)(43)(G), (U); Brown v. Ashcroft, 360 F.3d 346, 353-54 (2d Cir. 2004). Under these circumstances, we decline to consider the issue.

application for a waiver of deportation, and found Arriola eligible for both forms of relief, notwithstanding his 1985 conviction for an aggravated felony. Under the BIA's view, however, a conviction for an aggravated felony renders an LPR ineligible for cancellation from an order of removal based on a subsequent conviction.[5]

We recently endorsed the BIA's view and rejected the IJ's approach. See Rodriguez-Munoz v. Gonzales, __F.3d__, No. 05-1732, 2005 WL 1949915 (3d Cir. Aug. 16, 2005). As we explained in Rodriguez-Munoz, the language of § 240A(a) leaves no doubt that the Attorney General may cancel removal only if an LPR "has not been convicted of any aggravated felony." 8 U.S.C. § 1229b(a). Here, it is undisputed that Arriola was convicted of an aggravated felony in 1985. Thus, under Rodriguez-Munoz, he is statutorily ineligible for cancellation of removal under § 240A(a).

Arriola's remaining claim is that the BIA violated his right to equal protection by granting a similarly situated alien the opportunity to file simultaneous applications for relief under § 212(c) and § 240A. This claim is without merit. To prove an equal protection violation, Arriola must first demonstrate "disparate treatment of different groups." DeSousa v. Reno, 190 F.3d 175, 184 (3d Cir. 1999). Arriola does not suggest

---

[5]     The BIA declined to decide whether Arriola was eligible for a waiver of deportation. Under its view, even if Arriola's deportation based on the 1985 conviction were waived, his removal based on the 2001 conviction remained intact and could not be cancelled.

5

any classification of aliens who are treated any differently from any other group of aliens or non-aliens. Accordingly, we perceive no equal protection violation.

For the foregoing reasons, we conclude that the BIA correctly denied Arriola's applications for relief from removal. Accordingly, we will deny his petition for review. Our April 27, 2005 order staying Arriola's removal is hereby vacated.