

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-29-2005

# Campbell v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-3274

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Campbell v. Atty Gen USA" (2005). *2005 Decisions*. Paper 645.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/645

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

NO. 04-3274
_____

ANTHONY ROY CAMPBELL

v.

ATTORNEY GENERAL OF THE UNITED STATES;
BUREAU OF IMMIGRATION AND CUSTOMS ENFORCEMENT SERVICE[*]

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A37 460 559)

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
August 8, 2005

Before:   VAN ANTWERPEN, GREENBERG and NYGAARD, Circuit Judges

(Filed:  August 29, 2005)
_____

OPINION
_____

PER CURIAM

_____

[*]   Caption amended pursuant to Rule 43(c), Fed. R. App. P.

Anthony Roy Campbell, a citizen of Jamaica, seeks review of a final order of deportation entered by the Board of Immigration Appeals (BIA). For the reasons that follow, we will affirm.[1]

Campbell entered the United States as a lawful permanent resident (LPR) in 1981. In September 1983, Campbell pleaded guilty in New York to attempted burglary. The New York court sentenced him to one to three years in prison. Campbell again pleaded guilty in New York in November 1983 to criminal mischief, criminal trespass, and petit larceny. In 1984, the former Immigration and Naturalization Service (INS) charged Campbell with deportability for having been convicted of a crime involving moral turpitude based on his conviction for attempted burglary.

In July 2002, Campbell was convicted in Pennsylvania for possession of a controlled substance and possession of drug paraphernalia. The Immigration and Customs Enforcement (ICE) filed additional charges of removability against Campbell in September 2003, based on his 2002 conviction and his November 1983 conviction.

An Immigration Judge (IJ) determined that Campbell was deportable as charged. Campbell simultaneously applied for a waiver of removal (based on the 1983 convictions)

---

[1] Campbell initiated these proceedings by filing a habeas corpus petition in the Eastern District of Pennsylvania under 28 U.S.C. § 2241. Following the District Court's denial of habeas corpus relief, Campbell filed a timely notice of appeal to this Court. While his appeal was pending, the REAL ID Act of 2005 took effect on May 11, 2005. In light of the REAL ID Act, we have determined that such pending appeals are converted to petitions for review under 8 U.S.C. § 1252. See Bonhometre v. Gonzales, 414 F.3d 442, 2005 WL 1653641, *2 (3d Cir. 2005).

under former § 212(c) of the Immigration and Nationality Act[2] (INA) and for cancellation

of removal (based on the 2002 conviction) under § 240A of the INA.[3]  The IJ permitted

Campbell's simultaneous applications for relief, granted each, and terminated deportation

proceedings.  On appeal, the BIA ruled that Campbell is statutorily ineligible for

cancellation of removal under § 240A because he was convicted of an aggravated felony

in 1983, vacated the IJ's decision, and ordered Campbell removed to Jamaica.

Campbell then challenged the BIA's order of deportation by filing a habeas corpus

petition in the District Court under 28 U.S.C. § 2241.  The District Court denied

Campbell's habeas petition without conducting a hearing.  Campbell filed a timely

appeal, which has been converted into a petition for review, as described previously.[4]

We address first Campbell's argument that the BIA erred by ruling that he was

ineligible for cancellation of removal because he was convicted of an aggravated felony

in 1983.  At the time he pleaded guilty and was convicted, Campbell was eligible to apply

for a discretionary waiver of deportation under former § 212(c).  See Ponnapula v.

Ashcroft, 373 F.3d 480, 486 (3d Cir. 2004).  In 1996, Congress enacted IIRIRA, which

repealed § 212(c) and replaced it with § 240A.  Under the current provision, the Attorney

---

[2]    Section 212(c), formerly codified at 8 U.S.C. § 1182(c), was repealed by the
Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA).

[3]    Section 240A, which replaced former § 212(c), is codified at 8 U.S.C. § 1229b.

[4]    On August 13, 2004, we stayed Campbell's deportation.  We lifted the stay at
Campbell's request on November 4, 2004, only to learn that Campbell did not actually
file any such request.  Accordingly, we reinstated the stay on November 16, 2004.

General may cancel removal of an alien who has been an LPR for not less than five years, has resided continuously in the United States for seven years after having been admitted, and "has not been convicted of any aggravated felony." 8 U.S.C. § 1229b(a); see Ponnapula, 373 F.3d at 486. In addition, an alien "who has been granted relief under section 212(c)" is ineligible for cancellation of removal. 8 U.S.C. § 1229b(c)(6).

The question presented by Campbell's appeal is whether his 1983 conviction for an aggravated felony renders him ineligible for cancellation of removal under § 240A. According to the BIA, a conviction for any aggravated felony renders an LPR ineligible for cancellation from an order of removal based on a subsequent conviction.

We recently endorsed the BIA's view and rejected the IJ's approach. See Rodriguez-Munoz v. Gonzales, __F.3d__, No. 05-1732, 2005 WL 1949915 (3d Cir. Aug. 16, 2005). As we explained in Rodriguez-Munoz, the language of § 240A(a) leaves no doubt that the Attorney General may cancel removal only if an LPR "has not been convicted of any aggravated felony." 8 U.S.C. § 1229b(a). Here, it is undisputed that Campbell was convicted of an aggravated felony in 1983. Thus, under Rodriguez-Munoz, he is statutorily ineligible for cancellation of removal under § 240A(a).

Campbell's remaining claim is that the BIA violated his right to equal protection by granting a similarly situated alien the opportunity to file simultaneous applications for relief under § 212(c) and § 240A. This claim is without merit. To prove an equal protection violation, Campbell must first demonstrate "disparate treatment of different

4

groups." DeSousa v. Reno, 190 F.3d 175, 184 (3d Cir. 1999).  Campbell does not suggest

any classification of aliens who are treated any differently from any other group of aliens

or non-aliens.  Accordingly, we perceive no equal protection violation.[5]

For the foregoing reasons, we conclude that the BIA correctly denied Campbell's

simultaneous applications for relief from deportation.  Accordingly, we will deny his

petition for review.  Our August 13, 2004 order (as reinstated by our November 16, 2004

order) staying Campbell's removal is hereby vacated.

---

[5]     We note Campbell's attempt to challenge his 2002 conviction for possession of a
controlled substance.  According to Campbell, the Government has failed to "prove" his
conviction because it has produced no laboratory report establishing that the substance
was in fact a controlled substance.  The Government asserts that we should not consider
this issue because Campbell did not raise it in the District Court.  Our review of the
record indicates that the Government is correct.  Notwithstanding, we observe that
Campbell pleaded guilty to possession of a controlled substance and was convicted and
sentenced.  For purposes of deportability, the Government is not required to produce a
laboratory report to establish the validity of the conviction.  Moreover, Campbell cannot
challenge the validity of his conviction in the current proceedings.

5