

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-7-2006

# Argueta v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-2710

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Argueta v. Atty Gen USA" (2006). *2006 Decisions*. Paper 1471.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1471

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-2710
_____

MAURICIO ARGUETA,

Petitioner

v.

*ATTORNEY GENERAL OF THE UNITED STATES

*Amended per clerk's order of 06/16/05
_____

On Petition for Review of an Order
of the Board of Immigration Appeals
Agency No. A41 623 463

Immigration Judge Grace A. Sease
_____

Submitted Under Third Circuit LAR 34.1(a)
January 26, 2006

Before: MCKEE, FUENTES AND NYGAARD, <u>CIRCUIT</u> <u>JUDGES</u>

(Filed March 7, 2006)

_____

OPINION
_____

PER CURIAM

Mauricio Argueta petitions for review of a an order of the Board of Immigration Appeals ("BIA"), dismissing his appeal of an Immigration Judge's ("IJ's") final order of removal. We will deny the petition.

In August 2004, Argueta, a native and citizen of El Salvador, was charged with removability based on a 1994 conviction for Criminal Sale of a Controlled Substance in the Third Degree, in violation of New York State Penal Code § 220.39. The Notice to Appear charged that this conviction was an aggravated felony and a controlled substance violation. Additional charges of removability were entered on October 19, 2004, based on a 2001 conviction for criminal possession of a weapon in the 4th degree in violation of New York State Penal Code § 265.01; and a 2003 conviction for attempted criminal possession of a controlled substance in the 5th degree in violation of New York State Penal Code § 110-220.06(5). The notice charged that the firearms conviction rendered Argueta removable pursuant to section 237(a)(2)(C) of the Immigration and Nationality Act ("INA") [8 U.S.C. § 1227(a)(2)(C)], and that Argueta was also removable pursuant to INA § 237(a)(2)(A)(ii) [8 U.S.C. § 1227(a)(2)(A)(ii)] because he had been convicted of two crimes of moral turpitude.

Argueta then sought to simultaneously apply for a waiver of removal pursuant to former INA § 212(c) and for cancellation of removal pursuant to INA § 240A [8 U.S.C. § 1229b]. An IJ denied relief, finding that even if he received a § 212(c) waiver of removal for his 1994 conviction, he would be statutorily ineligible for cancellation of

2

removal on the basis of his later convictions because his 1994 aggravated felony conviction would remain. Argueta timely appealed to the BIA, but failed to file a brief. The BIA dismissed the appeal for failure to file a brief.

In his brief here, Argueta essentially makes four arguments: (1) his 1994 conviction does not constitute an aggravated felony; (2) his 2003 conviction is on direct appeal; (3) he received ineffective assistance of counsel when counsel failed to timely file a brief with the BIA; and (4) his prolonged detention is unconstitutional.

As the Government notes, pursuant to 8 U.S.C. § 1252(d)(1), this Court may only review a final order of removal if "the alien has exhausted all administrative remedies available to the alien as of right." Where the alien has failed to file a brief with the BIA, we may still find that he has exhausted administrative remedies if his Notice of Appeal to the BIA was sufficient to place the BIA on notice of what was at issue. Bhiski v. Ashcroft, 373 F.3d 363, 368-69 (3d Cir. 2004). Argueta did not present his argument that his 1994 conviction was not an aggravated felony at any level of the administrative proceedings. Thus, we are without jurisdiction to review that claim.[1]

---

[1] If we had jurisdiction, however, we would find the argument without merit. Argueta seems to argue that his conviction was only for possession, but the Certificate of Disposition included in the record clearly indicates that the conviction was for "Criminal Sale of a Controlled Substance, 3d degree." A.R. 135 (emphasis added). Indeed, a document Argueta included in his appendix to show the date of his 1994 conviction also notes that it is for "Criminal Sale of a Controlled Substance 3d Degree." Appendix, Exh. A, second page.

3

Argueta next argues that his 2003 conviction is on direct appeal.[2]  Even if this is so (it is not clear from the record whether his appeal is a collateral or direct appeal), his 2001 firearms conviction remains.  He cannot receive cancellation of removal for his 2001 conviction.  Cancellation is available to an alien, who, among other things, "has not been convicted of any aggravated felony."   INA § 240A(a).  As the IJ correctly noted, even if Argueta had received § 212(c) relief for his 1994 conviction, a waiver of removal does not make the conviction "disappear," and he would remain convicted of an aggravated felony.  Rodriguez-Munoz v. Gonzales, 419 F.3d 245, 248 (3d Cir. 2005).

Argueta also claims that his continued detention violates his right to due process.  Challenges to post-removal order detention should be raised in a habeas petition filed in the appropriate District Court.  See Zadvydas v. Davis, 533 U.S. 678, 687-88 (2001);  8 U.S.C. § 1252(a) (only eliminating district court's habeas jurisdiction over orders of removal).  Moreover, even if we had jurisdiction over this claim, it does not appear that Argueta has administratively exhausted the claim, see Duvall v. Elwood, 336 F.3d 228, 231-32 (3d Cir. 2003), and he has not provided any evidence that his removal will not occur in the "reasonably foreseeable future," Zadvydas, 533 U.S. at 701 (interpreting 8 U.S. C § 1231(a)(6) as authorizing an alien's continued detention after the 90-day removal period for a period reasonably necessary to effectuate removal).

---

[2] When a conviction has been entered and direct appeal has been exhausted or waived the conviction is final for deportation purposes.  Post-conviction motions do not affect the finality of the conviction. Aguilera-Enriquez v. INS,  516 F.2d 565, 570-71 (6th Cir. 1975).

Accordingly, for the reasons stated above we will deny the petition for review.