

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-3-2006

# Campbell v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-2679

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Campbell v. Atty Gen USA" (2006). *2006 Decisions.* Paper 1328.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1328

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

NO. 05-2679
_____

GARY CAMPBELL,
*Petitioner*

v.

ATTORNEY GENERAL OF THE UNITED STATES

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Board No. A37-777-481)
_____

Submitted Under Third Circuit LAR 34.1(a)
February 27, 2006
Before: SLOVITER, FUENTES and BECKER, *Circuit Judges.*

(Filed:  April 3, 2006)

_____

OPINION
_____

BECKER, *Circuit Judge.*

Gary Campbell, a native and citizen of Jamaica, petitions for review of a final

order of removal of the Board of Immigration Appeals ("BIA").  We will deny the

petition.

Campbell was admitted to the United States as a lawful permanent resident in 1982. In 1990, he was convicted of attempting to sell cocaine, and in 2002, he was convicted of menacing in the second degree. Both convictions occurred in New York state court. On March 12, 2002, the former Immigration and Naturalization Service issued Campbell a Notice to Appear ("NTA") and charged him with removability.

The Immigration Judge (IJ) determined that Campbell was removable under § 237(a)(2)(A)(iii) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1227(a)(2)(A)(iii), because the 1990 drug conviction was for an aggravated felony. The IJ further concluded that Campbell was removable under INA § 237(a)(2)(A)(ii), 8 U.S.C. § 1227(a)(2)(A)(ii), because he had been convicted of two crimes involving moral turpitude, the drug crime and the menacing crime. The IJ also considered and rejected Campbell's argument that he was eligible for relief under former § 212(c) and § 240A of the INA, 8 U.S.C. § 1229b. In a written opinion, the BIA affirmed the IJ's decision.

Writing solely for the parties, we limit our discussion to our *ratio decidendi*. We must first determine whether Campbell has committed two crimes of moral turpitude, rendering him removable under § 237(a)(2)(A)(ii). Campbell does not contest that the drug sale was a crime involving moral turpitude, but he argues that the menacing charge did not involve moral turpitude. The BIA's determination that menacing is a crime involving moral turpitude "is entitled to *Chevron* deference." *See Knapik v. Ashcroft*, 384 F.3d 84, 88 (3d Cir. 2004).

Campbell was convicted of menacing in the second degree under N.Y. Penal Law § 120.14, which provides:

A person is guilty of menacing in the second degree when:

1. He or she intentionally places or attempts to place another person in reasonable fear of physical injury, serious physical injury or death by displaying a deadly weapon, dangerous instrument or what appears to be a pistol, revolver, rifle, shotgun, machine gun or other firearm; or

2. He or she repeatedly follows a person or engages in a course of conduct or repeatedly commits acts over a period of time intentionally placing or attempting to place another person in reasonable fear of physical injury, serious physical injury or death . . . .

So long as all offenses under the statute would constitute crimes involving moral turpitude, we need not look to the individual circumstances of Campbell's offense. *See Partyka v. Ashcroft*, 417 F.3d 408, 411 (3d Cir. 2005). Moral turpitude has been defined as "conduct that is inherently base, vile, or depraved, contrary to the accepted rules of morality and the duties owed other persons, either individually or to society in general." *Knapick*, 384 F.3d at 89. Other courts and the BIA have found offenses that involve intentionally placing an individual in fear of physical injury to be morally turpitudinous. *See Chanmouny v. Ashcroft*, 376 F.3d 810, 813-15 (8th Cir. 2004) (stating that a crime involved moral turpitude where the petitioner "was convicted of threatening to commit a crime of violence with the purpose to terrorize another."); *Ramirez v. Ashcroft*, 361 F. Supp. 2d 650, 659 (S.D. Tex. 2005) (citing *Chanmouny*); *In re Ajami*, 22 I. & N. Dec. 949, 951 (BIA 1999) ("[I]ntentional transmission of threats is evidence of a vicious motive or a corrupt mind."). In light of these decisions, we defer to the BIA's

3

determination that Campbell has been convicted of two crimes involving moral turpitude.

Because Campbell has been convicted of two crimes involving moral turpitude, the decisive issue becomes whether he may simultaneously apply for relief under former § 212(c) and § 240A. The reason why Campbell needs *both* forms of relief may be explained as follows. Campbell does not dispute that he is removable under § 237(a)(2)(A)(iii) because he has committed an aggravated felony (the drug sale). However, because Campbell pled guilty to the crime prior to the repeal of § 212(c), the Attorney General may waive removal under § 212(c).[1] In order to prevail, Campbell must not only receive § 212(c) relief from removability on the basis of the aggravated felony, but he must also receive § 240A relief from removal on the basis of the two crimes of moral turpitude. Because the conviction for the menacing crime occurred after the repeal of § 212(c), Campbell cannot look to § 212(c) to avoid being removed due to two convictions for crimes involving moral turpitude. Campbell therefore seeks to use § 240A, a provision currently in force, to avoid removal for the two crimes involving moral turpitude.

Campbell is ineligible for relief under § 240A, which precludes cancellation of removal for an alien who has been convicted of an aggravated felony. *See* 8 U.S.C. § 1229b(a)(3). Under *Rodriguez-Munoz v. Gonzales*, 419 F.3d 245 (3d Cir. 2005), it is

---

[1]Former § 212 (c) provided that the Attorney General could cancel removal of a lawful permanent resident with certain convictions. The Supreme Court held in *INS v. St. Cyr*, 533 U.S. 289 (2001), that aliens who pled guilty to offenses prior to the repeal of § 212 (c) could still qualify for relief under the repealed provision.

4

irrelevant to the issue of § 240A relief that Campbell's aggravated felony conviction (the drug sale) was waived for purposes of § 212(c). In *Rodriguez-Munoz*, we explained that although the petitioner's earlier aggravated felony conviction was waived under § 212(c), that conviction "remain[ed] an aggravated felony for purposes of precluding his application for cancellation of removal under § 240A." *Id.* at 249.

Because Campbell committed two crimes of moral turpitude, and because he is ineligible for relief under § 240A, we deny the petition for review.