

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-17-2006

# Melville v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4652

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Melville v. Atty Gen USA" (2006). *2006 Decisions.* Paper 1260.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1260

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 05-4652

CLEVON SELWIN MELVILLE,

Petitioner

v.

ATTORNEY GENERAL OF
THE UNITED STATES,

Respondent

On Petition for Review of an Order
of the Board of Immigration Appeals
Agency No. A18 596 808

Submitted Under Third Circuit LAR 34.1(a)
April 14, 2006

Before:  SLOVITER, SMITH AND VAN ANTWERPEN, <u>CIRCUIT</u> <u>JUDGES</u>

(Filed: April 17, 2006)

OPINION

PER CURIAM

Clevon Melville, a native and citizen of Trinidad and Tobago, petitions for review of an order of the Board of Immigration Appeals, affirming an Immigration Judge's (IJ's) order of removal. For the following reasons, we will deny the petition.[1]

Melville was charged with being removable for having committed an aggravated felony, a controlled substance violation, and two crimes involving moral turpitude. These charges were based on a 1984 conviction for possession with intent to deliver a controlled dangerous substance in violation of New Jersey law, and on a 2003 conviction for the offense of Lewdness, in violation of New Jersey law. An IJ found that Melville's 1984 conviction was an aggravated felony, and that his Lewdness conviction was a crime involving moral turpitude. Because of his aggravated felony, the IJ found him ineligible for any possible relief from removal, aside from deferral of removal under the United Nations Convention Against Torture. The IJ found that Melville did not meet his burden of showing that it is more likely than not that he would be tortured if returned to Trinidad. The Board of Immigration Appeals (BIA) affirmed without opinion.

Melville filed a motion for post-conviction relief in the New Jersey courts, arguing that his sentence for his Lewdness conviction is illegal. He then filed the habeas petition in federal court, as mentioned previously. In his brief, Melville argues only that his sentence for his Lewdness conviction is illegal and that the conviction cannot be used as

---

[1]    Melville initiated these proceedings by filing a habeas corpus petition under 28 U.S.C. § 2241 in the United States District Court for the District of New Jersey. Pursuant to the REAL ID Act of 2005, Pub L. No. 109-13, 119 Stat. 231, which took effect on May 11, 2005, the District Court transferred the petition to this Court to be treated as a petition for review.

the basis for his removal. However, Melville makes no argument whatsoever regarding his 1984 conviction. Thus, the IJ's finding that the 1984 conviction is an aggravated felony stands. As he is removable on that basis; see 8 U.S.C. § 1227(a)(2)(A)(iii); his arguments on appeal are without merit.

We agree with the Government that even if Melville were to receive a waiver under former INA § 212(c) for his 1984 conviction, it would be to no avail. Because Melville was also convicted of a crime in 2003, he would need to apply for cancellation of removal pursuant to INA § 240A [8 U.S.C. § 1229b]. However, an alien who has committed an aggravated felony is ineligible for cancellation of removal. A § 212(c) waiver for the 1984 conviction would not pardon or expunge the aggravated felony conviction. Rodriguez-Munoz v. Gonzales, 419 F.3d 245 (3d Cir. 2005). We will therefore deny the petition.[2]

---

[2] Melville's Motion for Release from Detention pending a final determination is denied as moot.