

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-1-2006

# Martinez-Moreno v. Secretary Homeland

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-2523

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Martinez-Moreno v. Secretary Homeland" (2006). *2006 Decisions.* Paper 984.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/984

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-2523
_____

ALBERTO CARLOS MARTINEZ-MORENO,
                                                    Petitioner
v.

DEPARTMENT OF HOMELAND SECURITY

_____

On Petition for Review of an Order
of the Board of Immigration Appeals
Agency No. A93 024 143
on April 8, 2004
Immigration Judge: Joe D. Miller
_____
Submitted Under Third Circuit LAR 34.1(a)
May 23, 2006

BEFORE: SCIRICA, CHIEF JUDGE, BARRY and COWEN, CIRCUIT JUDGES

(Filed June 1, 2006)

_____

OPINION
_____

PER CURIAM

　　Alberto Carlos Martinez-Moreno, a citizen of the Dominican Republic, petitions

for review of an order of the Board of Immigration Appeals (BIA) that affirmed an

Immigration Judge's (IJ's) order of removal.  For the following reasons, we will deny the

petition.[1]

Martinez entered the United States without inspection, but became a permanent resident in 1990. Martinez pleaded guilty in October 1993 to attempted criminal sale of a controlled substance in the third degree, in violation of 110/220.39 of the New York Penal Code. He did not appear for sentencing, but was picked up on a warrant in 1997 and was then sentenced to one year in prison. The former Immigration and Naturalization Service charged him with removability in 1997 as an alien convicted of an aggravated felony and a drug trafficking crime. Martinez applied for a waiver of inadmissibility under former § 212(c) of the Immigration and Nationality Act (INA), which was denied. On an appeal from a decision of an Immigration Judge (IJ), which denied a motion to reopen based on a request for § 212(c) relief, the Board of Immigration Appeals remanded, finding that the IJ had improperly found a seven-year residence requirement for § 212(c) relief. However, in the meantime, the Government filed additional charges against Martinez, based on a 1999 conviction for criminal possession of a controlled

---

[1] Martinez initiated these proceedings by filing a habeas corpus petition under 28 U.S.C. § 2241 in the United States District Court for the Middle District of Pennsylvania, the judicial district in which he was in custody at the time he filed the petition. Following the District Court's denial of habeas corpus relief, Martinez filed a stay motion that was considered as a timely notice of appeal to this Court. While his appeal was pending, the REAL ID Act of 2005, Pub L. No. 109-13, 119 Stat. 231, took effect on May 11, 2005. In light of the REAL ID Act, we have determined that such pending appeals are converted to petitions for review under 8 U.S.C. § 1252. See Bonhometre v. Gonzales, 414 F.3d 442, 446 (3d Cir. 2005). Because the matter is fully briefed and ripe for disposition, we decline to accept the Government's invitation to transfer it to the Second Circuit, the judicial circuit in which the immigration judge completed the proceedings. See id. at 446 n.5.

substance in violation of section 220.18 of the New York Penal Code, for which he received a sentence of six years to life. The IJ stated that because of the second conviction, Martinez was ineligible for § 212(c) relief. The BIA affirmed without opinion on April 8, 2004.

Martinez filed a § 2241 habeas petition in November 2004, and subsequently filed a motion for immediate release. The District Court initially granted a stay of removal, but then denied the habeas petition and the motion for release and lifted the stay on April 26, 2005. On May 1, 2005, Martinez filed a motion for stay with this court, which was transferred to the District Court to be considered as a notice of appeal, as previously described.[2]

In his brief, Martinez argues that his constitutional rights were violated when additional charges were filed against him.[3] He argues that when the Government brought additional charges based on his 1999 conviction, it should not have charged him again as being removable on the basis of his 1993 conviction. However, the removal decision on the basis of the 1993 conviction was not yet final. Further, even if Martinez had been finally granted a § 212(c) waiver for his 1993 conviction, it would have been to no avail. Because Martinez was also convicted of a crime in 1999, he would need to apply for cancellation of removal pursuant to INA § 240A [8 U.S.C. § 1229b]. However, an alien

---

[2] This Court denied the motion for a stay, and Martinez was removed on June 1, 2005.

[3] Oddly, the Government's brief does not address the merits, but argues only that venue is improper, despite our practice of declining to transfer fully-briefed cases in similar situations. Bonhometre, 414 F.3d at 446 n.5.

3

who has committed an aggravated felony is ineligible for cancellation of removal. His 1993 conviction, which is an aggravated felony, would not be pardoned or expunged by the § 212(c) waiver, and he would thus be ineligible for § 240A relief. Rodriguez-Munoz v. Gonzales, 419 F.3d 245 (3d Cir. 2005). We will therefore deny the petition.