

Opinions of the United
States Court of Appeals
for the Third Circuit

11-14-2006

# Foreman v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-3522

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Foreman v. Atty Gen USA" (2006). *2006 Decisions.* Paper 212.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/212

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————————

No. 05-3522

———————————

MICHAEL FOREMAN

Appellant,

v.

ATTORNEY GENERAL OF THE UNITED STATES

_____

On Review of a Decision of the
Board of Immigration Appeals
Immigration Judge: Grace S. Sease
(Agency No. A31 030 322)

_____

Submitted under Third Circuit LAR 34.1(a)
January 20, 2006

Before: RENDELL, AMBRO, and ROTH*,  CIRCUIT JUDGES

(Filed: November 14, 2006 )

———————————

*Judge Roth assumed senior status on May 31, 2006.

OPINION

PER CURIAM

Michael Foreman petitions for review of a final order of the Board of Immigration Appeals ("BIA"). For the reason s that follow, we will deny the peitition. [1]

Foreman is a native and citizen of Jamaica. He was admitted to the United States as a lawful permanent resident ("LPR") in 1971. In 1993, he pled guilty in Florida state court to sale of a controlled substance (cocaine). See Fla. Stat. Ann. § 893.13(1)(a). In 1998, he was convicted in the United States District Court for the Southern District of New York for use of a communication facility in the distribution of cocaine, in violation of 21 U.S.C. § 843(b). In 2003, the United States Immigration and Customs Enforcement ("ICE") charged Foreman with removability for having been convicted of an aggravated felony as defined in Immigration and Nationality Act ("INA") § 101(a)(43)(B) [8 U.S.C. § 1101(a)(43)(b)] (illicit trafficking in controlled substance), see INA § 237(a)(2)(A)(iii) [8 U.S.C. § 1227(a)(2)(A)(iii)], and for having been convicted of two crimes involving moral turpitude not arising out of a single scheme of criminal misconduct, see INA § 237(a)(2)(A)(ii) [8

_____

[1] Foreman initiated these proceedings by filing a habeas corpus petition under 28 U.S.C. § 2241 in the United States District Court for the Middle District of Pennsylvania. Before taking any substantive action on the § 2241 petition, however, the District Court transferred it to this Court for treatment as a petition for review under Section 106(c) of the REAL ID Act. Pub. L. No. 109-13, Div. B, 119 Stat. 231 (May 11, 2005). The District Court also directed that its previously-issued order staying Foreman's removal "remain in place until further Order of the Court of Appeals."

2

U.S.C. § 1227(a)(2)(A)(ii)].

Foreman applied for a waiver of removal under former INA § 212(c) [8 U.S.C. § 1182(c)] (based on the 1993 conviction), and for cancellation of removal under INA § 240A [8 U.S.C. § 1229b] (based on the 1998 conviction). An Immigration Judge ("IJ") denied Foreman's applications for relief and found that he was removable as charged. In particular, the IJ concluded that even though Foreman was eligible to waive his 1993 conviction under § 212(c), he would not be entitled to cancellation of removal under § 240A because he had been convicted of an aggravated felony. The BIA affirmed without opinion on June 9, 2004.

Foreman then filed a habeas corpus petition under 28 U.S.C. § 2241, arguing that the IJ and BIA violated his due process and equal protection rights by refusing to permit him to simultaneously apply for both a waiver of removal under § 212(c) and cancellation of removal under § 240A. The District Court transferred the § 2241 petition to this Court to be treated as a petition for review, as described previously.

When Foreman was convicted in 1993, § 212(c) granted the Attorney General discretion to waive deportation in the case of LPRs who had resided in the United States for at least seven years, so long as they had served less than five years in prison for an aggravated felony. See U.S. v. Torres, 383 F.3d 92, 95-96 (3d Cir. 2004). The Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), which became effective in April 1997, repealed § 212(c) and replaced it with § 240A. Under the current provision, the

Attorney General may cancel removal of an alien who has been an LPR for not less than five years, has resided continuously in the United States for seven years after having been admitted, and "has not been convicted of any aggravated felony." INA § 240A(a); see Ponnapula v. Ashcroft, 373 F.3d 480, 486 (3d Cir. 2004). In addition, an alien "who has been granted relief under section 212(c)" is ineligible for cancellation of removal. § 240(c)(6) [8 U.S.C. § 1229b(c)(6)].

Assuming arguendo that Foreman is eligible to apply for relief under § 212(c), he is nevertheless ineligible for cancellation of removal pursuant to § 240A. As we explained in Rodriguez-Munoz v. Gonzales, 419 F.3d 245 (3d Cir. 2005), the language of § 240A(a) leaves no doubt that the Attorney General may cancel removal only if an LPR "has not been convicted of any aggravated felony." Id. at 248. Here, Foreman's 1998 conviction under 21 U.S.C. § 843(b) is an aggravated felony. See Brown v. Ashcroft, 360 F.3d 346, 350-51 (2d Cir. 2004) (finding no due process violation where the government argued that alien was not eligible for § 212(c) relief because of aggravated felony conviction that was not charged as a basis for removability).

The INA defines aggravated felony to include "illicit trafficking in a controlled substance . . ., including a drug trafficking crime (as defined in section 924(c) of Title 18)." INA § 101(a)(43)(B). Section 924(c) in turn defines drug trafficking crime to include "any felony punishable under the Controlled Substances Act (21 U.S.C. §§ 801, et seq.)." The crime of using a communication facility "in committing or causing or facilitating the

4

commission of any act or acts constituting a felony under any provision of this subchapter"

is part of the Controlled Substances Act. 21 U.S.C. § 843(b); cf. Gerbier v. Holmes, 280

F.3d 297, 307 n.8 (3d Cir. 2002) (observing that "'trafficking' is *not* an essential element of

all state drug convictions in order for those convictions to constitute an aggravated felony

under § 1101(a)(43)"). In addition, the offense is a felony because it has a maximum penalty

of more than one year imprisonment. See 21 U.S.C. § 843(d); 18 U.S.C. § 3559(a). Thus,

under the plain language of the relevant statutes, Foreman's violation of § 843(b) qualifies

as an aggravated felony under the INA. See Khan v. Ashcroft, 352 F.3d 521, 522 (2d Cir.

2003).

In his habeas petition, and in his brief on appeal, Foreman argues that he is eligible

for waivers of removal under §§ 212(h) and 212(i) [8 U.S.C. §§ 1182(h) and 1182(i)]. A

court may review a final order of removal only if the petitioner has exhausted all of the

administrative remedies available to him as of right. See INA § 242(d)(1) [8 U.S.C.

§ 1252(d)(1)]; see also Bonhometre v. Gonzales, 414 F.3d 442, 448 (3d Cir. 2005). This

statutory exhaustion requirement is jurisdictional and bars judicial review of unexhausted

claims, whether presented in a petition for review or a habeas petition. See Duvall v.

Elwood, 336 F.3d 228, 231 n.5 & 232 (3d Cir. 2003); Abdulrahman v. Ashcroft, 330 F.3d

587, 594-95 (3d Cir. 2003). Foreman has not exhausted these claims, which clearly could

have been raised before the IJ and on appeal to the BIA. See Beharry v. Ashcroft, 329 F.3d

51, 62-63 (2d Cir. 2003) (holding that the district court lacked subject matter jurisdiction to

grant relief under section 212(h) because the petitioner had never requested such relief from

the IJ or BIA).

For the reasons that we have given, we will deny the petition for review. The order

staying Foreman's removal from the United States, which was entered by the District Court

on July 16, 2004, prior to the transfer of the case to this Court, is hereby vacated.