

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-8-2007

# Franco-Monegro v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-2637

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Franco-Monegro v. Atty Gen USA" (2007). *2007 Decisions.* Paper 973.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/973

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 06-2637
_____

ALFREDO ISAIAS FRANCO-MONEGRO,
a/k/a Alfredo Fraco,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,

Respondent

_____

On Petition for Review of an Order
of the Board of Immigration Appeals
(Agency No. A14 893 983)
_____

Submitted Under Third Circuit LAR 34.1(a)
JUNE 5, 2007

Before:  FISHER, ALDISERT AND WEIS, <u>CIRCUIT JUDGES</u>

(Filed:  June 8, 2007)

_____

OPINION
_____

PER CURIAM

## I.

Alfredo Franco-Monegro, a native and citizen of the Dominican Republic, was admitted into the United States in 1967 as a legal permanent resident. In 1992, the Immigration and Naturalization Service ("INS") initiated deportation proceedings alleging Franco-Monegro was deportable for having committed a drug offense based on a February 1990 New York state conviction. Administrative Record ("A.R.") 170. In 2005, the Bureau of Immigration Control and Enforcement (formally the INS) filed additional charges alleging that Franco-Monegro was removable[1] for having committed an aggravated felony based on his 1985, March 1990 and 2003 state drug-related convictions. A.R. 113, 146.

The Immigration Judge ("IJ") found Franco-Monegro removable as charged and statutorily ineligible for naturalization because he had not demonstrated the requisite good moral character. A.R. 38-40. The Board of Immigration Appeals ("BIA") adopted and affirmed the IJ's decision, and also found that Franco-Monegro had not satisfied the requirements for establishing an ineffective assistance of counsel claim. A.R. 2.

Franco-Moegro, proceeding pro se, timely petitioned the Court for review.[2]

---

[1] Pursuant to the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA) 'removability' proceedings now encompass deportation proceedings. Alaka v. Attorney General of U.S., 456 F.3d 88, 93 n.7 (3d Cir. 2006).

[2] Because Franco-Monegro was detained when he filed his pro se petition for review, we deem it filed on April 26, 2006, the date on his inmate request form and "affirmation of service." Cf. Houston v. Lack, 487 U.S. 266 (1988). Thus, the petition was timely

2

Because Franco-Monegro was found removable based on at least one drug offense, our jurisdiction over the order of removal is limited to the review of constitutional claims and questions of law. 8 U.S.C. § 1252(a)(2)(C), (D); 8 U.S.C. § 1227(a)(2)(B)(i).[3]

II.

We need not address Franco-Monegro's assertion that his 1990 conviction was not an aggravated felony, because Franco-Monegro, through counsel, otherwise conceded that his 2003 conviction for attempted sale of a controlled substance in the third degree was an aggravated felony.  A.R. 86, 91-92.

Franco-Monegro argues that the IJ violated his right to due process by not advising him of his eligibility for waiver from removal under INA § § 212(c), (h) (repealed 1996) We find no due process violation.  See Bonhometre v. Gonzales, 414 F.3d 442, 448 n.9 (3d Cir. 2005) (recognizing Court view that there is no constitutional right to be informed of possible eligibility for discretionary relief);  United States v. Torres, 383 F.3d 92, 105-06 (3d Cir. 2004) (holding that § 212(c) does not create a protectible liberty interest). Franco-Monegro also argues that because both his 1990 conviction and the initiation of the removal proceedings occurred prior to the 1996 repeal of § 212(c), the IJ erred as a matter of law in finding him ineligible for a waiver.  This argument is unpersuasive.

---

filed within 30 days of the BIA's order of April 4, 2006.  See 8 U.S.C. § 1252(b)(1).

[3] Although the Government began deportation proceedings before April 1, 1997, we treat this case as if it had been filed as a petition for review under 8 U.S.C. § 1252, as amended by the Real ID Act.  See Real ID Act, § 106(d); Papageorgiou v. Gonzales, 413 F.3d 356, 358 (3d Cir. 2005).

3

Even if Franco-Monegro was eligible for a waiver from the earlier conviction, that conviction and his removability as an aggravated felon based on his 2003 conviction precludes relief. See 8 U.S.C. §§ 1229b(a)(3), (c)(6); Rodriguez-Munoz v. Gonzales, 419 F.3d 245, 247-48 (3d Cir. 2005).

Next, Franco-Monegro argues that he should be deemed a United States national because of his long residency and service in the armed forces. It does not appear that Franco-Monegro raised this argument before the IJ. Nonetheless, the argument is without merit because for a person who is a citizen of another country, "nothing less than citizenship will show [the requisite] permanent allegiance to the United States." Salim v. Ashcroft, 350 F.3d 307, 310 (3d Cir. 2003).

Lastly, we find no error in the BIA's denial of the ineffective assistance of counsel based on Franco-Monegro's failure to comply with the requirements of Matter of Lozada, 19 I&N Dec. 637 (BIA 1988). A.R. 2. We recognize that Franco-Monegro has presented documentation to this Court suggesting efforts to comply with the Lozada requirements. However, our review is limited to the administrative record, 8 U.S.C. § 1252(b)(4)(A), which does show that these documents were submitted to the BIA.

Accordingly, we deny the petition for review. We also deny Respondent's motion to dismiss for lack of jurisdiction. See supra n.2.