# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 30, 2008

Charles R. Fulbruge III
Clerk

No. 07-60552
Summary Calendar

EDUARDO FRANCISCO HUSBAND, also known as Eddie Husband

Petitioner

v.

MICHAEL B. MUKASEY, U.S. ATTORNEY GENERAL

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A72 184 338

Before KING, HIGGINBOTHAM, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Eduardo Francisco Husband is a native and citizen of Panama who became a lawful permanent resident of the United States in 1992. On April 12, 2002, he was convicted of attempted second degree rape under New York Penal Law §§ 110.00 and 130.30, and was subsequently charged with removability as an aggravated felon. At a hearing before an Immigration Judge, Husband conceded removability, but asserted claims for asylum, withholding of removal under the Immigration and Nationality Act ("INA"), and protection under the Convention

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Against Torture. The Immigration Judge found Husband removable, pretermitted his application for asylum, denied his application for withholding of removal, and denied his request for protection under the Convention Against Torture.

The Board of Immigration Appeals dismissed Husband's appeal, concluding that, (1) his conviction for an aggravated felony makes him statutorily ineligible for asylum; (2) he was not entitled to withholding of removal under the INA, because he failed to show a clear probability that his life or freedom would be threatened on account of a protected ground; and (3) he was not eligible for protection under the Convention Against Torture since he failed to show that he more likely than not would be tortured by, or with the consent or acquiescence of, the Panamanian government.

Proceeding pro se, Husband petitions for review of the BIA's decision, arguing that his conviction under New York Penal Law § 130.30 for attempted rape in the second degree was not an aggravated felony under the INA, and that he is entitled to relief under the Convention Against Torture because those who seek him harm in Panama would do so at the instigation of, or with the consent or acquiescence of, a public official or other person acting in an official capacity.[1]

We lack jurisdiction to review a final order of removal against an alien convicted of an aggravated felony. 8 U.S.C. § 1252(a)(2)(C). However, we retain jurisdiction over constitutional questions and questions of law. 8 U.S.C. § 1252(a)(2)(D). Whether an offense is an aggravated felony is a question of law that we review de novo. Andrade v. Gonzales, 459 F.3d 538, 542-44 (5th Cir. 2006).

A person is guilty of rape in the second degree under § 130.30 when,

---

[1] Because he does not brief his withholding of removal and asylum claims, Husband has waived or abandoned them. See Calderon-Ontiveros v. I.N.S., 809 F.2d 1050, 1052 (5th Cir. 1986); Soadjede v. Ashcroft, 324 F.3d 830, 833 (5th Cir. 2003)

(1) being eighteen years old or more, he or she engages in sexual intercourse with another person less than fifteen years old; or

(2) he or she engages in sexual intercourse with another person who is incapable of consent by reason of being mentally disabled or mentally incapacitated.

N.Y. PENAL LAW § 130.30 (2001). Where a statute "defines multiple offenses, at least one of which does not describe an aggravated felony, we apply a modified categorical approach, under which we may also examine certain additional documents (if contained in the record framing the guilty plea conviction) to determine whether the conviction was 'necessarily' for a particular crime defined by the statute that meets the aggravated felony criterion." Larin-Ulloa v. Gonzales, 462 F.3d 456, 464 (5th Cir. 2006). Among the documents we may consult under the modified categorical approach are the statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented. Shepard v. United States, 544 U.S. 13, 16 (2005) (interpreting Taylor v. United States, 495 U.S. 575 (1990)).

The judgment shows that Husband was convicted of one count of attempted rape in the second degree. Although it does not specify which of the 41 counts of the indictment form the basis of conviction, each of the eight counts charging rape in the second degree allege that Husband violated § 130.30 by "being eighteen years old or more [and] engag[ing] in sexual intercourse with . . . a female less than fourteen years old." This statutory language makes clear that Husband pled guilty to § 130.30(1) of the New York Penal Law, which

prohibits statutory rape.[2]  Thus, we need not address whether a violation of §130.30(2) would constitute an aggravated felony.

An aggravated felony under the Immigration and Nationality Act includes "murder, rape, or sexual abuse of a minor."  8 U.S.C. § 1101(a)(43)(A).  An attempt is the equivalent of the underlying offense for purposes of the aggravated felony determination. 8 U.S.C. § 1101(a)(43)(U). Although Congress did not define "sexual abuse of a minor" in the statute, this Court has interpreted it to encompass Texas Penal Code § 21.11(a)(2), which makes unlawful an individual knowingly exposing himself to a minor with the intent to arouse or gratify sexual desire.  United States v. Zavala-Sustaita, 214 F.3d 601, 604-07 (5th Cir. 2000).  In Zavala-Sustaita, we observed that, (1) "the structure of § 1101(a)(43) counsels against applying a narrow reading of the phrase"; (2) Congress apparently intended a broad reading when it chose not to expressly limit the meaning of "sexual abuse of a minor"; and (3) Congress conspicuously failed to narrow the definition by requiring a minimum sentence length.  Id. at 605-06.

The Second Circuit has affirmed the BIA's conclusion that the New York crime of rape in the third degree under Penal Law § 130.25(2) constitutes an aggravated felony under 8 U.S.C. § 1101(a)(43)(A).  Mugalli v. Ashcroft, 258 F.3d 52, 56-57 (2nd Cir. 2001).  That section makes it unlawful for an individual older than 21 to engage in sexual intercourse with another person younger than 17.  N.Y. PENAL LAW § 130.25(2) (2001).  The court explained that the BIA's determination was consistent with both Congressional intent to provide "a comprehensive scheme to cover crimes against children," and the generally understood meaning of the term "sexual abuse."  Id. at 58-59 (citations omitted).

---

[2]  Penal Law § 110.00 states, "A person is guilty of an attempt to commit a crime when, with intent to commit a crime, he engages in conduct which tends to effect the commission of such crime."  N.Y. PENAL LAW § 110.00 (1965).

Because the conduct prohibited by § 130.30(1) fits squarely within the "ordinary, contemporary, common reading of the phrase sexual abuse of a minor," and consistent with our holding in Zavala-Sustaita and the Second Circuit's holding in Mugalli, we affirm the BIA's conclusion that Husband's conviction for the New York crime of attempted rape in the second degree constitutes an aggravated felony. See Zavala-Sustaita, 214 F.3d at 604.

Since Husband's conviction qualifies as an aggravated felony, we lack jurisdiction to review the BIA's determination of his claims under the Convention Against Torture unless he raises a question of law or a constitutional claim. See 8 U.S.C. § 1252(a)(2)(C)&(D). Husband's arguments on appeal do not raise a question of law or a constitutional question over which this court has jurisdiction. See Delgado-Reynua v. Gonzales, 450 F.3d 596, 599-600 (5th Cir. 2006). Accordingly, Husband's petition for review must be dismissed.

The petition for review is DENIED IN PART and DISMISSED IN PART.