# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 13, 2010

Lyle W. Cayce
Clerk

No. 09-60617
Summary Calendar

SHERMAN QUINTIN SLADDEN, also known as Sherman Q. Sladden,

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A043 581 798

Before REAVLEY, JOLLY, and OWEN, Circuit Judges.

PER CURIAM:[*]

Sherman Quintin Sladden, a native and citizen of Trinidad and Tobago, petitions this court to review the decision of the Board of Immigration Appeals affirming the immigration judge's (IJ) final order of deportation and determination that Sladden was ineligible for cancellation of removal pursuant to 8 U.S.C. § 1229b(a) because he had committed an aggravated felony. Sladden contends that his New York State conviction for attempted criminal possession of a controlled substance should not be treated as an aggravated felony under

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

federal law.  He also asserts that his due process rights were violated because the IJ issued a written decision the day after his hearing that was contrary to the decision that the IJ stated orally at the hearing.

Sufficient evidence was submitted that Sladden's state conviction was for attempted possession of a controlled substance with the intent to sell it.  The IJ correctly determined that this conviction constituted an aggravated felony for immigration law purposes.  *See* 8 U.S.C. § 1101(a)(43)(U)*; Jacob v. Holder*, 335 F. App'x 370 (5th Cir. 2009); *Husband v. Mukasey*, 286 F. App'x 130, 133 (5th Cir. 2008) (holding "[a]n attempt is the equivalent of the underlying offense for purposes of the aggravated felony determination").   Therefore, we lack jurisdiction to review the final order of removal.  *See* 8 U.S.C. § 1252(a)(2)(C).

Sladden has not shown any prejudice from the alleged violation of his due process rights.  *See Bolvito v. Mukasey*, 527 F.3d 428, 438 (5th Cir. 2008).

The petition for review is DENIED.