IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 21, 2007

Charles R. Fulbruge III
Clerk

No. 06-60033

HIDELBERTO ARCE-VENCES

Petitioner

V.

MICHAEL B MUKASEY, U S ATTORNEY GENERAL

Respondent

Petitions for Review of Orders of the Board of Immigration Appeals

Before JOLLY, HIGGINBOTHAM, and PRADO, Circuit Judges.

E. GRADY JOLLY, Circuit Judge:

Hidelberto Arce-Vences petitions for review of an order by the Board of Immigration Appeals ("Board") affirming the Immigration Judge's order that Arce be removed from the United States and also for review of the Board's denial of his motion to reopen. We hold that the conviction that was the basis for Arce's removal order is not an aggravated felony, and we accordingly GRANT the petition for review, VACATE the removal order, and REMAND to the Board.

I.

Arce is a citizen of Mexico who became a lawful permanent resident of the United States in December 1990. He pled guilty to the Texas crime of possessing between 50 and 2000 pounds of marijuana under TEXAS HEALTH & SAFETY CODE § 481.121(b)(5). A judgment of conviction was entered by the Texas state court

on June 21, 1996. In August 2003, the Immigration and Naturalization Service (INS) issued a notice to appear charging Arce as removable under 8 U.S.C. § 1227(a)(2)(A)(iii) based on his conviction for this offense, which the INS considered to be a drug trafficking offense under 18 U.S.C. § 924(c) and thus an aggravated felony, as defined by 8 U.S.C. § 1101(a)(43)(B).

Arce appeared at a hearing, admitted the charge against him, and conceded that he was removable. He argued that he was nevertheless eligible for cancellation of removal under former 8 U.S.C. § 1182(c), which provided relief for lawful permanent residents who pleaded guilty to certain offenses before April 24, 1996, and who had resided in this country for at least seven years before they were ordered deported. He argued that he should be considered as having entered his plea in January 1996, when he began plea negotiations, and should be permitted to apply for § 1182(c) relief.

The INS filed a motion to pretermit Arce's application for § 1182(c) relief. The INS argued that Arce was ineligible for § 1182(c) relief because he pleaded guilty to the marijuana offense after April 24, 1996, when the Anti-Terrorism and Effective Death Penalty Act (AEDPA) was enacted, but before September 30, 1996, when the Illegal Immigration Reform and Immigrant Responsibility Act (IIRIRA) was enacted. The INS explained that Arce was ineligible for § 1182(c) relief because it was unavailable in June 1996, when he entered his plea for the marijuana offense. The Immigration Judge found that Arce had pleaded guilty to the marijuana offense in June 1996, denied his request for § 1182(c) relief, and ordered him removed.

Arce appealed to the Board of Immigration Appeals and repeated his argument that he was eligible for § 1182(c) relief because he entered his plea agreement in January 1996. He also averred that he would have testified as to the date of the plea agreement. The Board held that the Immigration Judge did not clearly err by finding that Arce pleaded guilty in June 1996. The Board

further agreed with the Immigration Judge's conclusion that Arce was ineligible for § 1182(c) relief, and dismissed Arce's appeal.

Aided by new counsel, Arce then filed a motion to reopen his case. He argued that the Board's decision was factually incorrect insofar as it found that his plea was entered in June 1996. He submitted documentary evidence to support his claim concerning the dates of plea negotiation. The BIA denied the motion based on its determination that Arce had not explained why he could not have previously obtained the documentary evidence. Arce petitioned this court for review of both the Board's initial decision and its denial of his motion to reopen.

## II.

Before us now, Arce petitions for review of the Board's dismissal of his appeal and denial of his motion to reopen, contending that the Board erred by not reversing the Immigration Judge's factual findings and by not considering newly discovered evidence. He also asks that we vacate his order of removal, arguing that he is not an aggravated felon under Lopez v. Gonzales, 127 S. Ct. 625 (2006) and is therefore not removable on that basis.

The government contends that we are foreclosed from hearing any factual issues Arce raises on appeal under the so-called criminal alien bar in 8 U.S.C. § 1252(a)(2)(C). It contends that we may not hear any argument that Arce is not an aggravated felon because he did not raise the issue before the Board and is therefore barred from raising it now under the exhaustion requirement of 8 U.S.C. § 1252(d)(1).

## III.

### A.

Under the Supreme Court's analysis in Lopez, the Texas marijuana possession offense that was the basis for Arce's order of removal is not an aggravated felony. See 127 S. Ct. at 633. Because we vacate his order of removal

based on this holding, we do not address the issues he has raised regarding his eligibility for cancellation of removal.

The so-called criminal alien bar of 8 U.S.C. § 1252(a)(2)(C) provides that "no court shall have jurisdiction to review any final order of removal against an alien who is removable by reason of having committed a criminal offense" covered by certain sections describing, among other offenses, aggravated felonies. Section 1252(a)(2)(D) provides, however, that § 1252(a)(2)(C) does not preclude "review of constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals." Whether the statute under which an alien has been convicted is an aggravated felony under 8 U.S.C. § 1101 is a question of law. See Smith v. Gonzales, 468 F.3d 272, 275 (5th Cir. 2006). Section 1252(a)(2)(C) does not, therefore, preclude our consideration of whether Arce's conviction is for an aggravated felony.

### B.

In the light of the Supreme Court's decision in Lopez we hold that Arce's offense of possession of marijuana is not an aggravated felony.

"Aggravated felony" is defined by 8 U.S.C. § 1101(a)(43)(B) to include "illicit trafficking in a controlled substance . . . including a drug trafficking crime (as defined in section 924(c) of Title 18)." "Drug trafficking crime" is defined as "any felony punishable under the Controlled Substances Act (21 U.S.C. 801 et. sec.)" or under two other statutes that are not relevant to this case. 18 U.S.C. § 924(c)(2).

In Lopez, the Court held that "a state offense constitutes a felony punishable under the Controlled Substances Act only if it proscribes conduct punishable as a felony under that federal law." 127 S. Ct. at 633 (quotation omitted). Lopez was found removable by reason of committing a "drug trafficking crime (as defined in section 924(c) of Title 18)." Id. at 629. The crime Lopez had committed was helping someone else possess cocaine, which was

treated by the convicting state as possession of the drug. Id. The Court noted, however, that mere possession is not a felony under the federal Controlled Substances Act (CSA). Id. Even though possession of a large amount of drugs may support a conviction for the federal felony of possession with intent to distribute, simple possession is only a misdemeanor under federal law. Id. Because Lopez's offense was not a federal felony under the CSA, the Court held that it was not a felony punishable under the CSA. Id. at 627.

The Court noted that, under §1101(a)(43)(B), a felony could also constitute an aggravated felony if it "actually fell within the general term 'illicit trafficking'. . . regardless of the existence of a federal felony counterpart." Id. at 631-32. The Court reasoned that "trafficking" ordinarily means "some sort of commercial dealing." Id. at 630. Simple possession does not contain any element of commerce, so it does not fall within the general term "illicit trafficking." See id.

Thus, under Lopez, to constitute an aggravated felony under 8 U.S.C. § 1101(a)(43)(B), a prior state offense must either involve some sort of commercial dealing or be punishable as a federal felony under the Controlled Substances Act. Simple possession does not involve commerce and is not punishable as a federal felony under the CSA, so it is not an aggravated felony.

Arce pled guilty to simple possession of more than 50 pounds but less than 2000 pounds of marijuana. As the Supreme Court noted in Lopez, mere possession is not punishable as a felony under the CSA. 127 S. Ct. at 629; see also 21 U.S.C. § 844(a). Based on the Court's reasoning in Lopez and the record before us, we hold that Arce's offense is not a drug trafficking crime under 18 U.S.C. § 924(c)(2) because it is not punishable as a felony under the CSA. Because Arce's conviction for simple possession of marijuana is not a drug trafficking crime and does not involve commercial dealing, it not an aggravated

felony under 8 U.S.C. § 1101(a)(43)(B).  Thus, Arce is not removable as charged under 8 U.S.C. § 1227(a)(2)(A)(iii) for being convicted of an aggravated felony.

C.

The government contends, however, that we are precluded from entertaining this question, noted above, that is, whether Arce committed an aggravated felony because of 8 U.S.C. § 1252(d)(1).  Section 1252(d) provides in part that "[a] court may review a final order of removal only if – (1) the alien has exhausted all administrative remedies available to the alien as of right."  Arce did not raise the issue of whether his offense was an aggravated felony before the Immigration Judge, on appeal to the Board, or in a motion to reopen.

The exhaustion requirement of § 1252(d)(1) operates as a jurisdictional bar to our review of unexhausted claims.  See Goonsuwan v. Ashcroft, 252 F.3d 383, 387 (5th Cir. 2001) (considering former § 106(c) of the Immigration and Nationality Act, which contained an exhaustion requirement substantively identical to § 1252(d), which replaced it).  However, § 1252(d)(1) only requires that an alien exhaust administrative remedies that are available as of right.  We have held that "exhaustion is not required when administrative remedies are inadequate." Ramirez-Osorio v. Immigration and Naturalization Serv., 745 F.2d 937, 939 (5th Cir. 1984). Our jurisdiction is therefore not precluded by an alien's failure to raise before the Board a claim that the Board has no power or authority to remedy.  See Goonsuwan, 252 F.2d at 389.

The precedents of this court bind the Board when it considers an appeal from an immigration judge in the Fifth Circuit.  Peters v. Ashcroft, 383 F.3d 302, 306 n.2 (5th Cir. 2004); see also Singh v. Ilchert, 63 F.3d 1501, 1508 (9th Cir. 1995) ("A federal agency is obligated to follow circuit precedent in cases originating within that circuit.").  In Arce's case, the Board could not have found at the time of his appeal that his conviction was not an aggravated felony. Before the Supreme Court's decision in Lopez, a Texas felony conviction for

simple possession of marijuana was an aggravated felony under the clear law of this circuit. United States v. Hinojosa-Lopez, 130 F.3d 691, 694 (5th Cir. 1997) (holding that possession of marijuana under Texas Health & Safety Code §481.121 is an aggravated felony), abrogated by Lopez v. Gonzales, 127 S. Ct. 625 (2006).

A state felony conviction for possession of marijuana was an aggravated felony under clearly established Fifth Circuit precedent at the time of Arce's order of removal, appeal, and motion to reopen. The Supreme Court's opinion in Lopez was not issued until after the time had expired for Arce to file a motion to reopen. Indeed, it was not issued until after the filing of Arce's petition for review in this court. The Board could not have found that his offense was not an aggravated felony under clearly established Fifth Circuit law applicable at the time of its review. Thus, Arce is not barred from raising this purely legal issue on direct review of his order of removal.

Of course we do not today hold that § 1252(d)(1) will never bar this court's consideration of whether an offense is an aggravated felony. However, where Fifth Circuit precedent has directly addressed the status of the particular statute at issue and remains binding during all stages of proceedings before the Immigration Judge and the Board, our jurisdiction is not precluded by an alien's failure to argue to the contrary below. We are therefore not precluded from applying the Supreme Court's decision in Lopez to Arce's case on his petition for direct review from the Board's dismissal of his appeal.

IV.

Arce's conviction for possession of marijuana is not an aggravated felony. Commission of an aggravated felony was the sole charge on which he was ordered removed. Because, in the light of Lopez, we hold that Arce's conviction for possession of marijuana is not an aggravated felony, we vacate his order of removal. His petition for review is GRANTED, the removal order is VACATED,

and the case is REMANDED to the Board of Immigration Appeals for any further appropriate proceedings not inconsistent with this opinion.[1]

---

[1] Arce's petition for review of the Board's denial of his motion to reopen is DENIED as moot.