

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-6-2008

# Heredia v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-4553

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Heredia v. Atty Gen USA" (2008). *2008 Decisions.* Paper 253.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/253

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-4553
_____

ANGEL HEREDIA,
                                        Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                        Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A34-137-440)
Immigration Judge:  Honorable Walter A. Durling

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 5, 2008

Before: FUENTES, WEIS and GARTH, Circuit Judges

(Opinion filed: November 6, 2008)
_____

OPINION
_____

PER CURIAM

        Angel Heredia petitions for review of an order of the Board of Immigration

Appeals ("BIA") affirming the Immigration Judge's ("IJ") final order of removal.  The

Government has filed a motion to dismiss the petition for lack of jurisdiction. For the reasons that follow, we will grant the Government's motion and dismiss the petition for review in part and deny it in part.

Heredia is a native and citizen of the Dominican Republic and a lawful permanent resident of the United States. He was convicted in 1992 of Attempted Criminal Sale of a Controlled Substance in the Fifth Degree in violation of N.Y. Penal Law §§ 110 & 220.31, and in 1999, of Criminal Possession of a Controlled Substance in the Seventh Degree in violation of N.Y. Penal Law § 220.03. On December 29, 2006, the Government initiated removal proceedings and, on January 29, 2007, Heredia was charged with removability pursuant to 8 U.S.C. § 1227(a)(2)(B)(i) and 8 U.S.C. § 1227(a)(2)(A)(iii). Before the IJ, Heredia conceded that he was convicted of the two underlying offenses, but contested the characterization of the 1992 conviction as an "aggravated felony." He sought a waiver of inadmissibility pursuant to former INA § 212(c) for the first, see 8 U.S.C. § 1182(c) (1996), and cancellation of removal under INA § 240A(a) for the second. See 8 U.S.C. § 1229b(a). The IJ held that even if Heredia was eligible for relief under former § 212(c), his 1992 conviction precluded him from seeking relief under current § 240A(a). See Rodriguez-Munoz v. Gonzales, 419 F.3d 245, 248 (3d Cir. 2005).

On appeal, the BIA noted that the statute under which Heredia was convicted in 1992 applies to any transfer of a controlled substance, whether payment is involved or

not.  See N.Y. Penal Law § 220.00(1); see also People v. Starling, 650 N.E.2d 387, 390 (N.Y. 1995) (holding that "the statutory definition of the term [sell] conspicuously excludes any requirement that the transfer be commercial in nature or conducted for a particular type of benefit or underlying purpose").  Because the BIA did not have Heredia's record of conviction before it, it could not determine whether the specific offense of which he was convicted would constitute "illicit trafficking in a controlled substance" under § 1101(a)(43)(B).  Accordingly, the BIA vacated the IJ's decision and remanded the record to permit the Government to present more evidence concerning Heredia's criminal conviction.

The Government then filed a motion for reconsideration, to which it appended Heredia's record of conviction.  Based on its review of the record, the BIA concluded that Heredia's 1992 conviction involved heroin rather than marijuana, and therefore that it did not matter whether the transaction involved payment or not.  Based on this finding, the BIA concluded that Heredia would not be able to establish eligibility for cancellation of removal under § 240A(a).  See 8 U.S.C. § 1229b(a); see also Rodriguez-Munoz, 419 F.3d at 248.  Accordingly, the BIA granted the Government's motion for reconsideration and dismissed Heredia's appeal.  Through counsel, Heredia filed a petition for review.  The Government moved to dismiss the petition for review for lack of jurisdiction, and in the alternative, requested that the petition for review be denied.

In its motion to dismiss, the Government argues that, pursuant to INA

3

§ 242(a)(2)(C), this Court lacks jurisdiction to review the final order of removal entered against Heredia. See 8 U.S.C. § 1252(a)(2)(C). However, INA § 242(a)(2)(D) preserves this Court's jurisdiction over "constitutional claims or questions of law." 8 U.S.C. § 1252(a)(2)(D); see also Ng v. Attorney Gen., 436 F.3d 392, 394-95 (3d Cir. 2006). Whether the conduct Heredia was convicted of constitutes an aggravated felony within the meaning of the INA is a question of law over which this Court has jurisdiction. See Jeune v. Attorney Gen., 476 F.3d 199, 201 (3d Cir. 2007).

To the extent Heredia's petition for review can be construed as disputing whether his 1992 conviction constituted an aggravated felony, we agree that it does. A state drug conviction may be found to qualify as an aggravated felony via either of two routes. See Gerbier v. Holmes, 280 F.3d 297, 313 (3d Cir. 2002). Under the "illicit trafficking" approach, an offense constitutes an aggravated felony if it is a felony under state law and contains a "trafficking" element. See id. Under the "hypothetical federal felony" approach, an offense is an aggravated felony if it would qualify as a felony under the Controlled Substances Act ("CSA"). See id. at 315.

We need not address the first approach because Heredia's conviction qualifies as a "hypothetical federal felony." Section 101(a)(43)(B) of the CSA prohibits "illicit trafficking in a controlled substance (as defined in section 802 of Title 21), including a drug trafficking crime (as defined in section 924(c) of Title 18)." Heroin is a "controlled substance." See 21 U.S.C. § 802(6); 21 U.S.C. § 812(c)(b)(10). Under the CSA, it is a

4

felony to "deliver" or "distribute" a controlled substance. See 21 U.S.C. § 802(11) (defining "distribute" as "to deliver . . . a controlled substance"); § 802(8) (defining "deliver" as "the actual, constructive, or attempted transfer of a controlled substance"); 21 U.S.C. § 841(a)(1) (designating it as a federal felony "to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance"). Remuneration is not required in order to satisfy the requirements of "delivery" or "distribution" of a controlled substance. See id.; see also United States v. Cormier, 468 F.3d 63, 70 n.3 (1st Cir. 2006); United States v. Durham, 464 F.3d 976, 981 n.7 (9th Cir. 2006); United States v. Washington, 41 F.3d 917, 919-20 (4th Cir. 1994). Accordingly, whether or not Heredia's conviction for Attempted Criminal Sale of Heroin had a monetary component, it constitutes a felony under the CSA and, therefore, an "aggravated felony" within the meaning of INA § 101(a)(43)(B). Heredia's argument that "there was no evidence that the petitioner sold a controlled substance for profit" is therefore unavailing.

Through counsel, Heredia fails to raise any other cognizable claims for relief. We agree with the Government that we lack jurisdiction over any claims barred from review under INA § 242(a)(2)(c). See 8 U.S.C. § 1252(a)(2)(C); Valansi v. Ashcroft, 278 F.3d 203, 207 (3d Cir. 2002). Accordingly, to the extent that the petition for review challenges the classification of Heredia's 1992 conviction as an aggravated felony, the petition will be denied. To the extent the petition can be construed to raise any other claims, we grant the government's motion to dismiss and will dismiss the petition for review.

5