# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 13, 2009

Charles R. Fulbruge III
Clerk

No. 08-60531
Summary Calendar

TITUS PATRICK LOUISON-PIERRE, also known as Titus P Louison, also known as Titus Pierrelouis

Petitioner

v.

ERIC H HOLDER, JR, U S ATTORNEY GENERAL

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A43 044 966

Before WIENER, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Titus Patrick Louison-Pierre is a native and citizen of St. Lucia. He petitions this court for review of a final order of the Board of Immigration Appeals (BIA) dismissing his appeal of the Immigration Judge's (IJ) order of removal. Louison-Pierre was found to be removable as an alien convicted of an aggravated felony and a controlled substance offense.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

When, as in this case, the BIA relied in part on the IJ's decision, this court will review the decisions of the BIA and the IJ. *See Ontunez-Tursios v. Ashcroft*, 303 F.3d 341, 348 (5th Cir. 2002). Legal conclusions are reviewed de novo; factual findings are reviewed for substantial evidence. *Mikhael v. INS*, 115 F.3d 299, 302 (5th Cir. 1997). This court lacks "jurisdiction to review any final order of removal against an alien who is removable by reason of having committed" certain criminal offenses, including a controlled substance offense or an aggravated felony. 8 U.S.C. §§ 1252(a)(2)(C) and 1227(a)(2)(A)(iii), (a)(2)(B). However, this court does have jurisdiction to review its own jurisdiction and to review constitutional claims or questions of law. *Marquez-Marquez v. Gonzales*, 455 F.3d 548, 560-61 (5th Cir. 2006); § 1252(a)(2)(D).

Louison-Pierre's primary argument is that the IJ and BIA erroneously concluded that his prior conviction on which the removal order is premised is sufficiently final despite a pending direct appeal of that conviction. This court has rejected this argument, holding that a conviction remains effective for immigration purposes even if a direct appeal is pending. *Garcia-Maldonado v. Gonzalez*, 491 F.3d 284, 290 (5th Cir. 2007); *see also Moosa v. INS*, 171 F.3d 994, 1009 (5th Cir. 1999) (holding that "[t]here is no indication that the finality requirement imposed . . . prior to 1996, survive[d] the new definition of 'conviction' found in IIRIRA § 322(a)"). Moreover, to the extent Louison-Pierre argues that his case is factually distinguishable from *Garcia-Maldonado*, that argument also fails. Since briefing in this case closed, Louison-Pierre's conviction and his sentence for violation of probation were affirmed. *See State v. Louison*, No. A-5106-05T4, 2008 WL 4647733 (N.J.Super.A.D. Oct. 20, 2008), *cert. denied*, 962 A.2d 530 (N.J. Dec. 15, 2008).

Louison-Pierre also contends that the IJ and BIA erred by ignoring Board precedent regarding finality of convictions for immigration purposes. Louison-Pierre's argument has no merit. Because his immigration case was properly heard in Oakdale, Louisiana, where he was detained, the IJ and BIA

are bound only by this circuit's decisions. *Peters v. Ashcroft*, 383 F.3d 302, 306 n.2 (5th Cir. 2004) (citing § 1252(b)(2)). Consequently, the IJ and the BIA were bound to apply this court's decisions in *Moosa* and *Garcia-Maldonado*. *See United States v. Hernandez-Avalos*, 251 F.3d 505, 508 n.2 (5th Cir. 2001) (citation omitted); *Arce-Vences v. Mukaskey*, 512 F.3d 167, 172 (5th Cir. 2007).

Finally, Louison-Pierre argues that *Garcia-Maldonado* was incorrectly decided and urges this court to reconsider that decision. A panel of this court may not overrule a decision of another panel absent intervening Supreme Court precedent or an en banc decision of this court. *See Hogue v. Johnson*, 131 F.3d 466, 491 (5th Cir. 1997). Because neither the Supreme Court nor the en banc court has overruled *Garcia-Maldonado*, Louison-Pierre's argument is foreclosed by this court's precedent.

The BIA did not err in concluding that Louison-Pierre's prior conviction was effective for immigration purposes. As an alien convicted of an aggravated felony and a controlled substance offense, Louison-Pierre was removable, as found by the BIA. *See* § 1227(a)(2)(A)(iii) and (a)(2)(B)(i).

The petition for review is DENIED.