IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
May 8, 2009

Charles R. Fulbruge III
Clerk

No. 08-60279
A35 815 164

Gregorio MONTOYA

Petitioner

v.

Eric H. HOLDER, Jr., U.S. Attorney General

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals

Before GARWOOD, OWEN, and HAYNES, Circuit Judges.

GARWOOD, Circuit Judge:[*]

Gregorio Montoya (Montoya) petitions for review of the Board of Immigration Appeals' (BIA) decision dismissing his appeal from the Immigration Judge's (IJ) decision finding him removable and denying his motion to remand. For the following reasons, we DENY the Petition for Review.

## FACTS AND PROCEEDINGS BELOW

In 2004, Montoya, a native of Mexico and lawful permanent resident of the United States, was convicted following a guilty plea in a Texas state court for

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

"possession with intent to deliver a controlled substance of four grams or more, but less than 200 grams, namely: cocaine" in violation of Texas Health and Safety Code § 481.112(a). Montoya was later charged with removability under 8 U.S.C. § 1227(a)(2)(A)(iii) for being convicted of an "aggravated felony" as defined in 8 U.S.C. § 1101(a)(43)(B). When Montoya appeared before the IJ, he admitted to the Texas conviction and conceded removability. Further, Montoya conceded that he was ineligible for cancellation of removal because he had been convicted of an aggravated felony. *See* 8 U.S.C. § 1229b(a)(3). The IJ ordered Montoya removed to Mexico.

On October 17, 2006, Montoya appealed his order of removal to the BIA under the then-pending Supreme Court case of *Lopez v. Gonzales*,[1] which Montoya argued might offer him relief. For the first time on appeal, Montoya argued that his Texas conviction was not an aggravated felony under the Immigration and Nationality Act (INA). On December 5, 2006, the Court issued its decision in *Lopez*, holding that, in order to constitute an aggravated felony for immigration purposes, a state drug conviction must either be punishable as a federal felony under the Controlled Substances Act (CSA) or fall within the general term "illicit trafficking." 127 S.Ct. 625, 630–33 (2006). On April 2, 2007, Montoya filed a motion with the BIA to remand his case to the IJ in light of *Lopez*. The BIA found that Montoya's conviction was an aggravated felony even under *Lopez* and that Montoya had failed to demonstrate that he was eligible for relief from removal. *See* 8 U.S.C. § 1229a(c)(4)(A)(i). Accordingly, the BIA dismissed Montoya's appeal and denied his motion to remand. Montoya timely filed this petition for review.

**JURISDICTION AND STANDARD OF REVIEW**

---

[1]This opinion was later published at 127 S.Ct. 625 (2006).

Pursuant to 8 U.S.C. § 1252(a)(2)(C), this court is generally precluded from reviewing a final order of removal based upon an aggravated felony. *Arce-Vences v. Mukasey*, 512 F.3d 167, 170 (5th Cir. 2007). However, this jurisdictional bar does not apply to the "review of constitutional claims or questions of law raised upon a petition for review with an appropriate court of appeals." 8 U.S.C. § 1252(a)(2)(D). Whether an alien's prior conviction constitutes an aggravated felony under 8 U.S.C. § 1101 is a question of law, therefore we have jurisdiction. *See Arce-Vences*, 512 F.3d at 170. We review this question of law *de novo*. *Omari v. Gonzales*, 419 F.3d 303, 306 (5th Cir. 2005).

## DISCUSSION

An alien convicted of an "aggravated felony" as defined in the INA is removable and ineligible for cancellation of removal. 8 U.S.C. §§ 1227(a)(2)(A)(iii), 1229b(a)(3). The INA defines the term "aggravated felony" to include "illicit trafficking in a controlled substance . . . including a drug trafficking crime (as defined in section 924(c) of Title 18)." *Id.* § 1101(a)(43)(B). "Drug trafficking crime" is defined as "any felony punishable under the [CSA] (21 U.S.C. § 801 et. seq.)." 18 U.S.C. § 924(c)(2). In *Lopez*, the Supreme Court held that "a state offense constitutes a 'felony punishable under the [CSA]' only if it proscribes conduct punishable as a felony under that federal law." 127 S.Ct. at 633.

Montoya argues that because the Texas crime of possession with intent to deliver encompasses conduct broader than the federal crime of possession with intent to distribute, his Texas conviction should not be considered an aggravated felony preventing him from seeking relief from removal. Montoya was convicted under Texas Health and Safety Code § 481.112(a), which provides that "a person commits an offense if the person knowingly manufactures, delivers, or possesses with intent to deliver a controlled substance listed in Penalty Group 1." Cocaine

3

is a controlled substance listed in Penalty Group 1. TEX. HEALTH AND SAFETY CODE ANN. § 481.102(3)(D). "Deliver" is defined in relevant part as "to transfer, actually or constructively, to another a controlled substance . . . [and] includes *offering to sell* a controlled substance." *Id*. § 481.002(8) (emphasis added). Similarly, the CSA makes it "unlawful for any person knowingly or intentionally . . . to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance." 21 U.S.C. § 841(a)(1). The CSA defines "distribute" as "to deliver . . . a controlled substance," and it further defines the terms "deliver" or "delivery" as "the actual, constructive, or attempted transfer of a controlled substance." *Id*. §§ 802(11), 802(8). Even absent prior drug convictions, possession with intent to distribute a schedule II controlled substance, such as cocaine, is a federal felony punishable by a term of imprisonment of up to twenty years. *Id*. §§ 841(b)(1)(C), 812(c).

Montoya contends that, because the CSA does not include offering to sell in its definition of "distribute," the Texas crime of possession with intent to deliver is broader than the federal crime of possession with intent to distribute. Thus, Montoya asserts that his Texas conviction should not be construed as a "drug trafficking crime" as defined in 18 U.S.C. § 924(c) and therefore an aggravated felony under the INA. In support, Montoya relies on our decision in *United States v. Gonzales*, 484 F.3d 712 (5th Cir. 2007). In *Gonzales*, we held that the Texas crime of delivery of a controlled substance was not the equivalent of a "drug trafficking offense" as defined in the United States Sentencing Guidelines (U.S.S.G. or Guidelines), because the Texas offense encompassed offering to sell whereas the U.S.S.G. definition did not. 484 F.3d at 714–16 (citing *United States v. Garza-Lopez*, 410 F.3d 268, 274 (5th Cir. 2005)). At the time, the Guidelines defined a "drug trafficking offense" as "an offense under federal, state, or local law that prohibits the manufacture, import, export,

4

distribution, or dispensing of a controlled substance . . . or the possession of a controlled substance . . . with intent to manufacture, import, export, distribute, or dispense." U.S.S.G. § 2L1.2 cmt. n.1(B)(iv) (2004).[2] Employing the categorical approach adopted by the Supreme Court in *Taylor v. United States*, 110 S.Ct. 2143 (1990), we determined that the defendant could have been convicted under Texas Health and Safety Code § 481.112(a) for activity that would not have been a drug trafficking offense under the U.S.S.G. *Id*. at 714–15. Therefore, we held that the district court committed error in concluding that the defendant's Texas conviction was a drug trafficking offense under the Guidelines. *Id*. at 716. Montoya argues that our analysis in *Gonzales* comparing the Texas crime of *delivery* of a controlled substance to the U.S.S.G.'s definition of a "drug trafficking offense" should apply with equal force in the immigration context for the purpose of determining whether his conviction for *possession with intent to deliver* under the same Texas statute constitutes a "drug trafficking crime" under the CSA.

This argument is foreclosed by our recent decision in *Vasquez-Martinez v. Holder*. *See* — F.3d —, 2009 WL 866195, at *4–5 (5th Cir. Apr. 2, 2009). Just as here, the petitioner in *Vasquez-Martinez* was found ineligible for cancellation of removal due to his conviction for possession with intent to deliver cocaine under Texas Health and Safety Code § 481.112(a). *Id*. at *1. On appeal, Vasquez-Martinez advanced almost exactly the same argument as the one now urged by Montoya. *See id*. at *4. After acknowledging this court's holding in

---

[2]Effective November 1, 2008, Congress amended this definition to clarify that an "offer to sell" a controlled substance is a drug trafficking offense under the U.S.S.G., presumably in response to judicial decisions such as *Gonzales*. *See* U.S.S.G. § 2L1.2 Hist. Note (2008).

*Gonzales*,[3] the *Vasquez-Martinez* court nonetheless concluded that our decision in *United States v. Ford*, 509 F.3d 714 (5th Cir. 2007), was controlling. *Id.* at *4–5.

In *Ford*, we held that a conviction for *possession with intent to deliver* a controlled substance under Texas Health and Safety Code § 481.112(a) was the equivalent of a "controlled substance offense" for the purposes of sentencing enhancement under the U.S.S.G. 509 F.3d at 717. Although the *Ford* court recognized that the U.S.S.G. definitions of "controlled substance offense" and "drug trafficking crime" were nearly identical,[4] the court declined to follow our decision in *Gonzales*. 509 F.3d at 716–17. Instead, the *Ford* court distinguished that case on the basis that the conviction in *Gonzales* was for delivery, whereas the conviction in *Ford* was for possession with intent to deliver. 509 F.3d at 717. Ultimately, the *Ford* court concluded that "it is pure sophistry to distinguish between the conduct of one who possesses drugs with intent to deliver those drugs and one who possesses drugs with intent to distribute them." *Id.* Therefore, we upheld the sentence enhancement for what we determined was a controlled substance offense under the Guidelines. *Id.*

In *Vasquez-Martinez*, we concluded that our sentencing cases addressing the interplay between state and federal definitions of drug offenses should also control in the immigration context. *See* 2009 WL 866195, at *4–5. However, we chose to follow *Ford* and not *Gonzales*, because, like the petitioner in *Ford*, Vasquez-Martinez was convicted of possession with intent to deliver and not

---

[3]The *Vasquez-Martinez* court also considered our decision in *United States v. Morales-Martinez*, 496 F.3d 356, 358–60 (5th Cir. 2007), which, like *Gonzales*, found that a Texas conviction for delivery of a controlled substance was not a drug trafficking offense under the Guidelines. 2009 WL 866195, at *4–5.

[4]*Compare* U.S.S.G. § 2L1.2 cmt. n.1(B)(iv) (2004) *with* U.S.S.G. § 4B1.2(b).

delivery. *See id.* Thus, we held that possession with intent to deliver under Texas Health and Safety Code § 481.112(a) is the equivalent of possession with intent to distribute under the CSA. *Id.* Further, because possession with intent to distribute cocaine is punishable as a federal felony under the CSA, we determined that the BIA did not err in concluding that Vasquez-Martinez was ineligible for cancellation of removal. *Id.* at *5.

## CONCLUSION

We find this court's conclusion in *Ford* that possession with intent to deliver is the equivalent of possession with intent to distribute to be eminently reasonable. *See* 509 F.3d at 717. More importantly, we are bound by this court's decision in *Vasquez-Martinez*, which specifically applied *Ford* to find that a conviction for possession with intent to deliver under Texas Health and Safety Code § 481.112(a) is the equivalent of possession with to distribute under the CSA. *See* 2009 WL 866195, at *5. Of these above cited decisions of our court, only *Vasquez-Martinez* is an immigration case. As a result, because the Texas crime of possession with intent to deliver cocaine is punishable as a federal felony under the CSA, it is a "drug trafficking crime" as defined in 18 U.S.C. § 924(c) and is therefore an aggravated felony under the INA. As such, the BIA correctly concluded that Montoya was ineligible for cancellation of removal under 8 U.S.C. § 1229b(a)(3). The BIA did not err in dismissing Montoya's appeal and denying his motion to remand.

Therefore, we DENY the Petition for Review.