**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 5, 2009

Charles R. Fulbruge III
Clerk

No. 08-60115

ASKARI NSAMI JACOB, also known as Askari Jacob, also known as Askari
N. Jacob, also known as Askasi Jacob

Petitioner

v.

ERIC H. HOLDER, Jr., U.S. ATTORNEY GENERAL

Respondent

Petition for Review of an Order from the
Board of Immigration Appeals
A46 195 327

Before JOLLY, SMITH, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Aksari Jacob ("Jacob") petitions for review of the Board of
Immigration Appeals ("BIA") dismissal of his appeal from the Immigration
Judge's ("IJ") decision finding him ineligible for cancellation of removal. For the
following reasons, we DENY the petition for review.

I.

Jacob was admitted to the United States on or about September 12, 1997,
as a lawful permanent resident. In 2005, Jacob was convicted of criminal

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

possession of a controlled substance in the fifth degree, in violation of New York Penal Law § 220.06(1), and was sentenced to 90 days of imprisonment. As a result of his state conviction, Jacob was served with a Notice to Appear that charged him with being removable under 8 U.S.C. § 1227(a)(2)(A)(iii) as an alien convicted of an aggravated felony, and under § 1227(a)(2)(B)(i) as an alien convicted of a controlled substance violation.

Jacob admitted that he had pleaded guilty to criminal possession of cocaine in the fifth degree in New York state court in 2005. After reviewing the 2005 record of conviction, the IJ concluded that Jacob was removable under § 1227(a)(2)(B)(i), but did not sustain the aggravated felony charge under § 1227(a)(2)(A)(iii). The IJ therefore concluded that Jacob would be eligible to apply for cancellation of removal. The Department of Homeland Security ("DHS") subsequently filed a motion requesting that the IJ pretermit an application for cancellation of removal. After reviewing the motion and the statute of conviction, the IJ reversed her earlier decision and held that Jacob's state drug offense qualified as an aggravated felony such that Jacob was removable under § 1227(a)(2)(A)(iii) and ineligible for cancellation of removal.

Jacob appealed to the BIA. Jacob did not challenge his removability under § 1227(a)(2)(B)(i) as an alien convicted of a controlled substance violation, but did challenge the IJ's determination that he had been convicted of an aggravated felony and that he was thus ineligible for cancellation of removal. On appeal, the BIA affirmed the IJ's decision and dismissed Jacob's appeal. The BIA noted that "a state drug offense qualifies as a drug trafficking crime under 18 U.S.C. § 924(c) and, by extension, an aggravated felony under section [1]101(a)(43)(B) of the Act if the offense would have been punishable as a felony under the Federal Controlled Substances Act [CSA]." The BIA concluded that Jacob's state drug offense "qualifies as a drug trafficking aggravated felony because it is analogous to the federal offense of possession with intent to distribute cocaine,

a felony violation of the CSA," and that Jacob was therefore removable as an alien convicted of an aggravated felony and statutorily ineligible for cancellation of removal.

Jacob filed a timely petition for review and a motion to stay removal proceedings pending review of the BIA's order. Jacob's motions and petition for review, which were filed in the Second Circuit, were subsequently transferred to this court. Jacob's motion to stay removal was denied, and he was removed to Trinidad on May 27, 2008. Jacob contends in his petition for review that the BIA erred in concluding that his state conviction for criminal possession of a controlled substance in the fifth degree is an aggravated felony under the CSA, and therefore he is ineligible for cancellation of removal. Jacob does not challenge his removability, but only his eligibility for cancellation of removal under 8 U.S.C. § 1229b(a)(3).

## II.

Under 8 U.S.C. § 1252(a)(2)(C), this court is generally precluded from reviewing a final order of removal based upon an aggravated felony. *Arce-Vences v. Mukasey*, 512 F.3d 167, 170 (5th Cir. 2007). However, this jurisdictional bar does not apply to the "review of constitutional claims or questions of law raised upon a petition for review with an appropriate court of appeals." 8 U.S.C. § 1252(a)(2)(D). Whether an alien's prior conviction constitutes an aggravated felony under 8 U.S.C. § 1101 is a question of law over which we have jurisdiction. *See Arce-Vences*, 512 F.3d at 170. We review this question of law de novo. *Omari v. Gonzales*, 419 F.3d 303, 306 (5th Cir. 2005).

## III.

An alien convicted of an "aggravated felony" as defined in the Immigration and Nationality Act ("INA") is removable and ineligible for cancellation of removal. 8 U.S.C. §§ 1227(a)(2)(A)(iii), 1229b(a)(3). The INA defines the term "aggravated felony" to include a state or federal offense which constitutes "illicit

3

trafficking in a controlled substance . . . including a drug trafficking crime (as defined in section 924(c) of Title 18)." *Id*. § 1101(a)(43)(B). "Drug trafficking crime" is defined in section 924(c) as "any felony punishable under the [CSA] (21 U.S.C. § 801 et. seq.)." 18 U.S.C. § 924(c)(2).

In *Lopez v. Gonzales*, 549 U.S. 47 (2006), the Supreme Court held that, in order to constitute an aggravated felony under the INA, a state drug conviction must either be punishable as a federal felony under the CSA or fall within the general term "illicit trafficking." 549 U.S. 47, 50. The court further held that "a state offense constitutes a 'felony punishable under the [CSA]' only if it proscribes conduct punishable as a felony under that federal law." *Id*. at 60. Following *Lopez,* this court held that, "to constitute an aggravated felony under 8 U.S.C. § 1101(a)(43)(B), a prior state offense must either involve some sort of commercial dealing or be punishable as a federal felony under the [CSA]" *Arce-Vences*, 512 F.3d at 171.

In immigration cases requiring a determination of whether a prior conviction constitutes an "aggravated felony," this court has employed a "categorical approach," under which this court refers "only to the statutory definition of the crime for which the alien was convicted . . . and ask[s] whether that legislatively defined offense necessarily fits within the INA's definition of an aggravated felony." *Larin-Ulloa v. Gonzales*, 462 F.3d 456, 460–61 (5th Cir. 2006); *Omari*, 419 F.3d at 307. If the statute is divisible, we look to the record of conviction to determine whether the conviction was necessarily for a particular subsection of the statute. *Omari*, 419 F.3d at 307. This review may include consideration of the "charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented." *Id*. (citation omitted).

According to the Certificate of Disposition (COD) issued by the state court, Jacob ultimately pleaded guilty to one count of criminal possession of a

controlled substance (cocaine) in the fifth degree in violation of New York Penal Law § 220.06(1) and was sentenced to 90 days of imprisonment. Under the subsection to which Jacob pleaded guilty, it is criminal possession in the fifth degree to knowingly and unlawfully possess "a controlled substance with intent to sell it." N.Y. Penal Law § 220.06(1). The term "sell," as used in the section, is defined broadly as "to sell, exchange, give or dispose of to another, or to offer or agree to do the same." *Id.* § 220.00. The BIA, citing 21 U.S.C. §§ 841 (a)(1) and 846, held that the "New York offense of criminal possession of a controlled substance, cocaine, with intent to sell qualifies as a drug-trafficking aggravated felony because it is analogous to the federal offense of possession with intent to distribute cocaine, a felony violation of the CSA."

Jacob contends on appeal that the BIA erred in concluding that his conviction was a drug trafficking crime because § 220.06(1) is defined as including behavior which does not require a "sale" and therefore, he argues, not "commercial in nature." Jacob contends that barters, transfers, gifts, and offers to sell do not involve a sale and are therefore not drug trafficking. Jacob's argument does not actually address the holding of the BIA, because the BIA did not hold that Jacob's conviction fell under the general definition of illicit trafficking (which must involve a commercial component) but rather that it was a state crime which constituted a felony punishable under the CSA. *See Arce-Vences*, 512 F.3d at 171 (holding that in order to constitute an aggravated felony "a prior state offense must *either* involve some sort of commercial dealing *or* be punishable as a federal felony under the [CSA]") (emphasis added).

Even construing Jacob's pro se brief liberally as a challenge to the BIA's holding that his offense was analogous to the federal felony offense of possession with intent to distribute cocaine, we do not find the BIA erred in its determination. *See Price v. Digital Equip. Corp.*, 846 F.2d 1026, 1028 (5th Cir. 1988) (noting that we "liberally construe the briefs of pro se appellants").

5

Applying the categorical approach, we must determine whether the statutory definition of the crime of conviction fits within the INA's definition of an aggravated felony, which includes a felony punishable under the CSA. Section 841(a) of the CSA makes it "unlawful for any person knowingly or intentionally . . . to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance." 21 U.S.C. § 841(a)(1). The CSA defines "distribute" as "to deliver . . . a controlled substance," and it further defines the terms "deliver" or "delivery" as "the actual, constructive, or attempted transfer of a controlled substance." *Id.* §§ 802(11), 802(8).

New York Penal Law § 220.06(1), the statute under which Jacob was convicted, prohibits possession with the intent to "barter, exchange, give or dispose of to another." Although the state statute does not require an exchange of money or a profit motive, the prohibited acts nonetheless fall within the ambit of 21 U.S.C. § 841(a)(1). Remuneration is not required in order to satisfy the requirements of "delivery" or "distribution" of a controlled substance under the federal statute. 21 U.S.C. § 841(a)(1); *United States v. Cormier*, 468 F.3d 63, 70 n.3 (1st Cir. 2006) ("It is well accepted that drugs may be distributed by giving them away for free; 21 U.S.C. § 841(a)(1) imposes no requirement that a sale take place."); *United States v. Durham*, 464 F.3d 976, 981 n.7 (9th Cir. 2006) ("[D]istribution . . . need not be for remuneration or profit."); *United States v. Washington*, 41 F.3d 917, 919 (4th Cir. 1994) ("Sharing drugs with another constitutes 'distribution' under § 841(a)(1)."). The Third Circuit, in an unpublished opinion, similarly concluded that an alien's prior New York conviction of fifth-degree attempted criminal sale—which utilizes the same definition of "sell" applicable to Jacob's crime—constituted an aggravated felony for the purposes of a removal proceeding "whether or not [petitioner's] conviction . . . had a monetary component." *Heredia v. Attorney Gen. of U.S.,* 299 F. App'x

6

178, 180 (3d Cir. 2008). Guided by the holdings of our sister circuits, we find that remuneration is not required under § 841(a)(1), and therefore Jacob's conviction constitutes a felony punishable under the CSA, and consequently an "aggravated felony" as defined by the INA, whether or not it involved remuneration.

Furthermore, as this court has recently held, the fact that the statute of conviction criminalizes possession of a controlled substance with an intent to "offer" to sell the substance does not exclude the statute from the INA definition of aggravated felony. *Vasquez-Martinez v. Holder*, --- F.3d ----, No. 07-60900, 2009 WL 866195, at \*4–5 (5th Cir. Apr. 2, 2009); *Montoya v. Holder,* No. 08-60279, 2009 WL 1283205, at \*3 (5th Cir. May 8, 2009) (unpublished). In both *Vasquez-Martinez* and *Montoya*, the petitioners were found ineligible for cancellation of removal due to convictions for possession with intent to deliver cocaine under Texas Health and Safety Code § 481.112(a). *Vasquez-Martinez,* 2009 WL 866195, at \*5; *Montoya*, 2009 WL 1283205, at \*3. Both petitioners argued that because the Texas crime of possession with intent to deliver encompassed conduct broader than the federal crime of possession with intent to distribute, 21 U.S.C. § 841(a)(1), the convictions should not have been considered aggravated felonies under the INA's removal statute. *Vasquez-Martinez*, 2009 WL 866195, at \*3–4; *Montoya*, 2009 WL 1283205, at \*2. In both cases, we concluded that despite the fact that the Texas statute prohibited possession with intent to "offer" to sell, activity which is not explicitly prohibited by federal statute,[1] the two statutes were nonetheless equivalent. *Vasquez-Martinez,* 2009 WL 866195, at \*4–5; *Montoya*, 2009 WL 1283205, at \*3. As in *Vasquez-Martinez* and *Montoya*, we hold that despite the fact that New

---

[1] The CSA defines "distribute" as "to deliver . . . a controlled substance," and it further defines the terms "deliver" or "delivery" as "the actual, constructive, or attempted transfer of a controlled substance." 21 U.S.C. §§ 802(11), 802(8).

York Penal Law § 220.06(1) prohibits possession with intent to "offer" to sell a controlled substance, the statute nonetheless constitutes a felony punishable under the CSA. Thus, the BIA did not err in holding that Jacob had been convicted of an aggravated felony under the INA and was ineligible for cancellation of removal.

IV.

Based on the foregoing analysis, Jacob's petition for review is DENIED.