# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 8, 2010

No. 08-60980

Charles R. Fulbruge III
Clerk

ARTURO HERNANDEZ-RODRIGUEZ,

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A42 324 896

Before DAVIS, WIENER and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Arturo Hernandez-Rodriguez (Hernandez), a citizen and native of Mexico, petitions this court for review of the Board of Immigration Appeals' (BIA) order affirming the Immigration Judge's (IJ) final order of removal and the IJ's denial of his application for cancellation of removal.  Hernandez argues that his prior Texas drug conviction for possession with intent to deliver methamphetamine[1] is not an aggravated felony punishable as a felony under the Controlled

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] TEX. HEALTH & SAFETY CODE ANN. § 481.112.a.

Substance Act (CSA). We resolved this issue in *Vasquez-Martinez v. Holder*, 564 F.3d 712 (5th Cir. 2009), where we held that this Texas offense is indistinguishable from the CSA offense of possession with intent to distribute. We therefore deny the petition for review.

## I.

This court generally lacks jurisdiction to review a final order of removal against an alien who is removable based on the commission of a criminal offense covered in 8 U.S.C. § 1227(a)(2)(B).  8 U.S.C. § 1252(a)(2)(C); *Marquez-Marquez v. Gonzales*, 455 F.3d 548, 560 (5th Cir. 2006).  However, § 1252(a)(2)(C) does not preclude review of constitutional claims or questions of law.  § 1252(a)(2)(D); *Marquez-Marquez*, 455 F.3d at 560-61.  Whether a statute of conviction constitutes an aggravated felony under 8 U.S.C. § 1101(a)(43)(B) is a question of law that this court retains jurisdiction to consider.  *Arce-Vences v. Mukasey*, 512 F.3d 167, 170-71 (5th Cir. 2007).  Likewise, while this court lacks jurisdiction pursuant to § 1252(a)(2)(B) to review a discretionary decision to deny cancellation of removal, this court has jurisdiction to review the determination that an alien is statutorily ineligible for cancellation of removal due to an aggravated felony conviction.  *Martinez v. Mukasey*, 508 F.3d 255, 257-58 (5th Cir. 2007).

When the BIA summarily affirms the IJ's decision without opinion, as occurred in this case, this court reviews the IJ's decision. *Majd v. Gonzales*, 446 F.3d 590, 594 (5th Cir. 2006).  This court reviews the legal conclusions of the BIA and the IJ *de novo.  Id.*

## II.

Aliens convicted of aggravated felonies are ineligible for relief in the form of discretionary cancellation of removal.  *See* 8 U.S.C. §§ 1229b(a)(3).  A prior state offense qualifies as an aggravated felony under 8 U.S.C. § 1101(a)(43)(B) if it "either involve[s] some sort of commercial dealing or [is] punishable as a

federal felony under the Controlled Substances Act." *Arce-Vences v. Mukasey*, 512 F.3d 167, 171 (5th Cir. 2007).

When determining whether an offense qualifies as an aggravated felony under the INA, this court employs a categorical approach in which it "look[s] at the statute under which the alien was convicted rather than at the particular underlying facts." *Omari v. Gonzales*, 419 F.3d 303, 307 (5th Cir. 2005). "If the statute of conviction defines multiple offenses, at least one of which does not describe an aggravated felony," this court applies the modified categorical approach to determine whether the conviction is an aggravated felony. *Larin-Ulloa v. Gonzales*, 462 F.3d 456, 464 (5th Cir. 2006) (internal quotation and citation omitted). The modified categorical approach allows for examination of the record of conviction to determine under which subsection of a divisible statute the individual was convicted. *Omari*, 419 F.3d at 308. For guilty plea convictions, examination of the record of conviction "may include consideration of the 'charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented.'" *Id.* (internal quotation and citation omitted). *United States v. Gonzales*, 484 F.3d 712, 714 (5th Cir. 2007), and *United States v. Morales-Martinez*, 496 F.3d 356, 358 (5th Cir. 2007),

SECTION § 481.112(a) provides that "a person commits an offense if the person knowingly manufactures, delivers, or possesses with intent to deliver a controlled substance." In the context of that statute, "'[d]eliver' means to transfer, actually or constructively, to another a controlled substance . . . [and] includes offering to sell a controlled substance." TEX. HEALTH & SAFETY CODE ANN. § 481.002(8). Thus, the statute under which Hernandez was convicted may be violated by conduct that may not constitute drug trafficking within the meaning of the immigration laws. See *United States v. Gonzales*, 484 F.3d 712, 714 (5th Cir. 2007), and *United States v. Morales-Martinez*, 496 F.3d 356, 358

(5th Cir. 2007)(both of which involved convictions of delivery of a controlled substance).

However, in *Vasquez-Martinez v. Holder*, 564 F.3d 712, 714 (5th Cir. 2009), the first published immigration case to address this issue, this court determined that Vasquez-Martinez's offense of possession with intent to deliver cocaine under § 481.112(a) was indistinguishable from the offense of possession with intent to distribute under the CSA and thus, that he was ineligible for cancellation of removal under § 1229b(a)(3). *Vasquez-Martinez* controls the resolution of the issue in this appeal.[2]

Because Hernandez's prior conviction was an aggravated felony drug trafficking offense analogous to a felony violation of the CSA, Hernandez was ineligible for cancellation of removal under both § 1227(a)(2)(A)(iii), and (a)(2)(B)(i).

Hernandez's petition for review is DENIED.

---

[2]In *U.S. v. Ford*, 509 F.3d 714 (5th Cir. 2007), we reached the same result in a closely related question and held that a conviction under the same Texas statute is a controlled substance offense for purposes of sentencing enhancement under U.S.S.G § 2K2.1(a)(4)(A).