# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

October 22, 2020

No. 18-60337

**Lyle W. Cayce**
Clerk

MIRIAN JANNETTE MARTINEZ-MARTINEZ; MIRIAM YAJAIRA MARTINEZ-MARTINEZ; NELSON JEOVANNY MARTINEZ-MARTINEZ,

Petitioners,

v.

WILLIAM P. BARR, U.S. ATTORNEY GENERAL,

Respondent.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A206 182 471
BIA No. A206 182 468
BIA No. A206 182 469

Before OWEN, Chief Judge, and HAYNES and COSTA, Circuit Judges.

PER CURIAM:*

Mirian Jannette Martinez-Martinez, a native and citizen of El Salvador, on behalf of herself and her two minor children, seeks review of the dismissal by the Board of Immigration Appeals (BIA) of her appeal from the immigration judge's (IJ) denial of petitioners' applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT).

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-60337

Martinez-Martinez concedes that she has abandoned her claim for protection under the CAT.

This court reviews the final decision of the BIA and also considers the IJ's decision to the extent that it influenced the determination of the BIA.[1] Findings of fact are reviewed for substantial evidence and questions of law are reviewed de novo.[2] "Under the substantial evidence standard, reversal is improper unless we decide 'not only that the evidence supports a contrary conclusion, but also that the evidence *compels* it.'"[3]

Martinez-Martinez argues for the first time on appeal that her original notice to appear (NTA) did not contain the time and place of her removal proceedings, and, therefore, in light of the decision in *Pereira v. Sessions*,[4] the immigration court lacked subject matter jurisdiction over her proceedings. Martinez-Martinez failed to raise the arguments about the NTA before the BIA; consequently, she did not properly exhaust this issue and we lack jurisdiction to review it.[5] Thus, this claim is dismissed for lack of jurisdiction.

Martinez-Martinez relies on *Arce-Vences v. Mukasey*,[6] in which this court recognized that because "exhaustion is not required when administrative remedies are inadequate[,] . . . [o]ur jurisdiction is . . . not precluded by an alien's failure to raise before the [BIA] a claim that the [BIA] has no power or authority to remedy."[7] For the *Arce-Vences* exception to apply, Martinez-Martinez must point to Fifth Circuit law existing at the time her case was

---

[1] *Zhu v. Gonzales*, 493 F.3d 588, 593 (5th Cir. 2007).

[2] *Id.* at 594.

[3] *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006) (quoting *Zhao v. Gonzales*, 404 F.3d 295, 306 (5th Cir. 2005)); *see* 8 U.S.C. § 1252(b)(4)(B).

[4] 138 S. Ct. 2105 (2018).

[5] *See Flores-Abarca v. Barr*, 937 F.3d 473, 477-78 (5th Cir. 2019).

[6] 512 F.3d 167 (5th Cir. 2007).

[7] *Id.* at 172 (internal quotation marks omitted) (quoting *Ramirez-Osorio v. Immig. & Naturalization Serv.*, 745 F.2d 937, 939 (5th Cir. 1984)).

pending before the BIA that would preclude the BIA from finding in her favor on that particular issue.[8]  Martinez-Martinez has not done so, and the *Arce-Vences* exception does not apply here.

As to Martinez-Martinez's asylum application, she does not challenge the BIA's conclusion that her asylum application was untimely because it was filed more than one year after her entry into the United States.[9]  She has therefore abandoned any challenge to the BIA's dismissal of her asylum application.[10] Additionally, Martinez-Martinez did not raise her argument that she is entitled to "humanitarian asylum" with the BIA.  Accordingly, she failed to exhaust this argument, and this court lacks jurisdiction to consider it.[11]

Martinez-Martinez argues in her application for withholding of removal that her testimony that gang members in her home country subjected her to, among other things, extortion, threats, theft, and assaults established that she had endured past persecution and that she would endure persecution if she returned.  An applicant for withholding of removal "must demonstrate a 'clear probability' of persecution upon return" to her native country.[12]  Where the "fear of future threat" is "unrelated to the past persecution," a clear probability of persecution means that it is "more likely than not" that her "life or freedom would be threatened . . . on account of [her] "race, religion, nationality, membership in a particular social group, or political opinion."[13]  In this case, the record does not compel the conclusion that Martinez-Martinez suffered

---

[8] *See Flores-Abarca*, 937 F.3d at 478 n.1 (citing *Arce-Vences*, 512 F.3d at 172) ("[E]xhaustion is not required when the BIA has no power to grant the requested relief because of binding circuit precedent.").

[9] *See* 8 U.S.C. § 1158(a)(2)(B).

[10] *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003) (per curiam).

[11] *See Omari v. Holder*, 562 F.3d 314, 319 (5th Cir. 2009).

[12] *Roy v. Ashcroft*, 389 F.3d 132, 138 (5th Cir. 2004) (per curiam) (quoting *Faddoul v. Immig. & Naturalization Serv.*, 37 F.3d 185, 188 (5th Cir 1994)).

[13] 8 C.F.R. §§ 1208.16(b), (b)(1)(iii); 8 U.S.C. § 1231(b)(3)(A).

past persecution or that there exists a clear probability that she would be persecuted upon return to El Salvador.[14]

Accordingly, Martinez-Martinez's petition for review is DENIED IN PART and DISMISSED IN PART for lack of jurisdiction.

---

[14] *See Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006).